## LEACH, EXECUTOR, *v.* NICHOLS, FORMERLY COLLECTOR OF INTERNAL REVENUE.

No. 468.   Argued February 23, 1932.—Decided March 14, 1932.

*Mr. O. Walker Taylor* for petitioner.

*Assistant Attorney General Rugg,* with whom *Solicitor General Thacher,* and *Messrs. Sewall Key, Hayner N. Larson, Bradley B. Gilman,* and *Erwin N. Griswold* were on the brief, for respondent.

By leave of Court, *amici curiae* briefs were filed by *Mr. Joseph E. Warner,* Attorney General of Massachusetts, and *Messrs. Clarence W. DeKnight* and *Frederick Schwertner.*

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

William E. Walker, of Taunton, Massachusetts, died testate November 9, 1918.   Petitioner, as executor of the

estate, paid the taxes imposed by the State in respect of the property which passed from the decedent. He also paid to respondent the federal estate taxes prescribed by the Revenue Act 1916, 39 Stat. 756, 778, which the Commissioner reckoned without deducting from the gross estate the taxes exacted by the State. The Circuit Court of Appeals denied his right to recover the alleged overpayment—the difference between the sum demanded and what would have been due if the claimed deduction had been allowed. 50 F. (2d) 787. The District Court had held otherwise. 42 F. (2d) 918.

Here the insistence is that to ascertain the net estate under § 203, Revenue Act, September 8, 1916, it was necessary to deduct from the gross estate the tax paid to Massachusetts as required by c. 65 of her General Laws. Also, that in the circumstances the Circuit Court of Appeals should not have decided this question of law.

The record shows that the court below properly considered and ruled upon the point of law. The District Court—where the cause was tried without a jury—had said of the state tax, " there can be no question that it was legally deductible." The amended declaration alleges that the Commissioner wrongfully refused to allow the deduction. The answer contains a general denial. The agreed statement of facts points out—" That in arriving at the value of the net estate upon which the said total tax was computed the Commissioner did not make any deduction or allowance for the amount required to pay the Massachusetts inheritance tax, which the estate was required to pay and did pay to the Commonwealth of Massachusetts." And the defendant asked the court to find as matter of law—" Plaintiff is not entitled to recover anything of the defendant and his declaration must be dismissed with judgment for the defendant for his costs." The trial court misconstrued the federal statute.

With his petition for appeal from its judgment, the defendant presented, among others, the following assignment of error: The District Court erred in holding: " It is obvious that the United States had demanded and received a tax levied upon the estate of the plaintiff's testator in excess of the amount lawfully due. It is not the correct tax measured by the net estate in view of decisions of the court."

The Revenue Act of 1916 (amended as to rates March 3, 1917, 39 Stat. 1000, 1002, and October 3, 1917, 40 Stat. 300, 324) imposed a graduated tax upon the transfer of the net estate, ascertained as directed by § 203, of every person dying thereafter.

" Sec. 203. That for the purpose of the tax the value of the net estate shall be determined—

"(a) In the case of a resident, by deducting from the value of the gross estate—

"(1) Such amounts for funeral expenses, administration expenses, claims against the estate, unpaid mortgages, losses incurred during the settlement of the estate arising from fires, storms, shipwreck, or other casualty, and from theft, when such losses are not compensated for by insurance or otherwise, support during the settlement of the estate of those dependent upon the decedent, and such other charges against the estate, as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered; . . ."

The General Laws of Massachusetts (1921) vol. 1, c. 65, provide—

" Section 1. All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein, whether belonging to inhabitants of the Commonwealth or not, which shall pass by will, or by laws regulating intestate succession . . . shall be subject to a

tax at the percentage rates fixed by the following table: . . .

" Section 6. Administrators, executors and trustees, grantees or donees under conveyances or gifts made during the life of the grantor or donor, and persons to whom beneficial interests shall accrue by survivorship, shall be liable for the taxes imposed by this chapter, with interest, until the same have been paid.

" Section 7. Taxes imposed by this chapter upon property or interests therein, passing by will or by laws regulating intestate succession, shall be payable to the state treasurer by the executors, administrators or trustees at the expiration of one year from the date of the giving of bond by the executors, administrators or trustees first appointed; . . .

" Section 9. Property of which a decedent dies seized or possessed, subjected to taxes as aforesaid, in whatever form of investment it may happen to be, and all property acquired in substitution therefor, shall be charged with a lien for all taxes and interest thereon which are or may become due on such property. . . . -

" Section 17. An executor, administrator or trustee holding property subject to the tax imposed by this chapter shall deduct the tax therefrom or collect it from the legatee or person entitled to said property; and he shall not deliver property or a specific legacy subject to said tax until he has collected the tax thereon. An executor or administrator shall collect taxes due upon land passing by inheritance or will which is subject to said tax from the heirs or devisees entitled thereto, and he may be authorized to sell said land, in the manner prescribed by section twenty-one, if they refuse or neglect to pay said tax."

Manifestly, the state taxes paid by the executor were not permissible deductions unless they were such " charges against the estate, as are allowed by the laws of the juris-

diction, . . . under which the estate is being administered." Charges against an estate are only such as affect it as a whole. They do not include taxes on the rights of individual beneficiaries. *New York Trust Co.* v. *Eisner,* 256 U. S. 345, 350.

The Massachusetts statute by plain words places the real burden of the tax upon the legatee or other person who receives a decedent's property. Payments required of an executor are only preliminary; ultimately they must be met by the beneficiaries.

Decisions of the Massachusetts Supreme Court show with adequate certainty that the right of succession is the real object of the charge laid because of property which passes by will or under the laws relative to intestacy. The thing burdened is the right to receive. *Attorney General* v. *Stone,* 209 Mass. 186, 190; 95 N. E. 395; *Magee* v. *Commissioner,* 256 Mass. 512; 153 N. E. 1; *Boston Safe Deposit & Trust Co.* v. *Commissioner,* 267 Mass. 240; 166 N. E. 729; *Coolidge* v. *Commissioner,* 268 Mass. 443, 447; 167 N. E. 757. See *Saltonstall* v. *Saltonstall,* 276 U. S. 260.

It is unnecessary for us to consider whether the petitioner filed a proper claim for refund within the period prescribed by the statute.

The challenged judgment is

*Affirmed.*