## COMMISSIONER OF INTERNAL REVENUE v. BEEBE.

### No. 2802.

Circuit Court of Appeals, First Circuit.

Nov. 21, 1933.

WILSON, Circuit Judge, dissenting.

Carlton Fox, Sp. Asst. Atty. Gen. (Pat Malloy, Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. Atty. Gen., on the brief), for petitioner.

Thomas H. Ray, of Boston, Mass., for Junius Beebe, trustee.

Before WILSON and MORTON, Circuit Judges, and HALE, District Judge.

HALE, District Judge.

This case is before us on petition of the Commissioner of Internal Revenue for review of the order of the United States Board of Tax Appeals, deducting the amount of $15,000 paid by Junius Beebe, trustee under the will of Marcus Beebe, Sr., as an inheritance tax, on the distribution of a portion of the estate under the will of said Marcus Beebe, Sr., made to Marcus Beebe, the son of the decedent, in accordance with the provisions of the will, as a payment made by the estate of Marcus Beebe, Sr.

Marcus Beebe, Sr., died in January, 1924. After certain other bequests, his will provided that the residue of his estate be paid to this trustee, and that one-third of the net estate be then bequeathed to his son, Marcus Beebe, Jr., to be paid, on that son becoming thirty years of age, to wit, on April 27, 1927. When that date arrived, the executor, Junius Beebe, had filed his account and taken over the corpus of the estate as trustee, as of January 26, 1926.

Under the laws of Massachusetts, this be-

quest of one-third of the estate was taxable according to its value on the date of the distribution to the beneficiary, namely, April 27, 1927; and the tax was payable one year thereafter. According to the provisions of the General Laws of Massachusetts, chapter 65, § 7:

"Taxes imposed by this chapter upon property or interests therein, passing by will or by laws regulating intestate succession, shall be payable to the state treasurer by the executors, administrators or trustees at the expiration of one year from the date of the giving of bond by the executors, administrators or trustees first appointed; except that in all cases where there shall be a devise, descent or bequest to take effect in possession or come into actual enjoyment after the expiration of one or more life estates or of a term of years, the taxes thereon shall be payable by the executors, administrators or trustees in office when such right of possession accrues, or, if there is no such executor, administrator or trustee, by the person so entitled thereto, at the expiration of one year from the date when the right of possession accrues to the persons so entitled."

Section 13 of the same chapter provides:

"Except as otherwise provided in this and the following section, the tax imposed by this chapter shall be assessed upon the actual value of the property at the time of the death of the decedent. In case of a devise, descent, bequest or grant to take effect in possession or enjoyment after the expiration of one or more life estates or of a term of years, the tax shall be assessed on the actual value of the property or interest therein coming to the beneficiary at the time when he becomes entitled to the same in possession or enjoyment."

For the purpose of determining the tax, the commonwealth of Massachusetts made an appraisal of the corpus of the estate as of April 27, 1927, and assessed the tax in 1928. The tax was paid in that year and was deducted by the trustee, Junius Beebe, in determining the net income of the estate for that year. Junius Beebe had been discharged as executor before the tax was, or could be, assessed; and it was assessed to Junius Beebe as trustee, who was the only person to whom it could be assessed; and was paid by him.

Section 23 (c) of the United States Revenue Act of 1928 (26 USCA § 2023 (c), providing that certain taxes are deductible from gross income in determining net income for tax purposes, contains this provision:

"For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate."

The Commissioner of Internal Revenue seeks to disallow this tax as a deduction. He claims that under article 154, Treasury Department Regulations 74, such tax can be deducted only by an estate in process of administration, namely, by an executor or administrator of such estate; and that it cannot be deducted, as an expense, by a trustee. The regulation in question reads:

"Estate, succession, legacy, or inheritance taxes, imposed by any State, Territory or possession of the United States, or foreign country, are deductible by the estate, whether by the laws of the jurisdiction exacting them they are imposed upon the right or privilege to transmit or upon the right or privilege of the heir, devisee, legatee, or distributee to receive or to succeed in the property of the decedent passing to him.

"The accrual dates of such taxes shall be the due date, thereof, except as otherwise provided by the law of the jurisdiction imposing them. Where deduction is claimed of any such taxes, the amount thereof and the name of the State, Territory or possession of the United States, or foreign country by which they have been imposed shall be stated in the return."

The Commissioner of Internal Revenue urges that an inheritance tax is to be deductible only by an estate while in the hands of an administrator or executor, and that when such estate passes into the hands of the trustee, it becomes a trust and not an "estate" within the meaning of the law and of the Regulations of the Treasury Department.

The trustee was appointed by the probate court of Massachusetts; so was the executor. In the instant case the same person was executor and trustee. The trustee must account to the probate court in the same way that an executor must account. He is subject to removal by the probate court. The statute cited, section 7, states that the tax "shall be payable by the executors, administrators or trustees in office when such right of possession accrues."

The Massachusetts statute in question makes no distinction between estates held by executors and administrators and estates held by trustees. In Bates v. Sparrell, 10 Mass. 323, 324, the Massachusetts court held that the word "estate" signifies all the subjects of property, citing Blackstone.

In City of Boston v. Inhabitants of Dedham, 4 Metc. (45 Mass.) 178, 180, the Massachusetts court holds that the word "estate" is of broad and extensive application, and that whenever legal enactments are intended to apply exclusively to one or another of different species of property, the statutes use qualifying words.

In Duggan v. Bay State Street Railway Co., 230 Mass. 370, 374, 119 N. E. 757, 758, L. R. A. 1918E, 680, in speaking for the Massachusetts court, Mr. Chief Justice Rugg says:

"It is a principle of general scope that a statute must be interpreted according to the intent of the makers, to be ascertained from its several parts and all its words construed by the ordinary and approved usage of the language, unless they have acquired a peculiar meaning in the law."

The Supreme Court of the United States has held substantially the same general principles of interpretation. In Maillard et al. v. Lawrence, 16 How. 251, 261, 14 L. Ed. 925, speaking for the court, Mr. Justice Daniel said:

"The popular or received import of words furnishes the general rule for the interpretation of public laws as well as of private and social transactions; and wherever the legislature adopts such language in order to define and promulge their action or their will, the just conclusion from such a course must be, that they not only themselves comprehended the meaning of the language they have selected, but have chosen it with reference to the known apprehension of those to whom the legislative language is addressed, and for whom it is designed to constitute a rule of conduct, namely, the community at large."

In United States v. Temple, 105 U. S. 97, 99, 26 L. Ed. 967, speaking for the court, Mr. Justice Woods said:

"Our duty is to read the statute according to the natural and obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending its operation."

In the instant case we think the meaning of the word "estate" must be interpreted according to the ordinary use of language, in harmony with common sense and reason. It seems to us to mean property of all kinds held, under the provisions of the will, by any legal representative appointed by the probate court, by whatever name he may be called, whose duty it is to keep safely such property, and finally to distribute it under the direction of the probate court.

We think the record does not show that the property or estate was distributed when it passed out of the hands of the respondent as executor into his hands as trustee. We find no intent to "distribute" the property. To those familiar with probate proceedings, "distribution" has a distinct meaning. As used with reference to the estate of a deceased person, it may be defined as the division by order of a court having authority among those entitled thereto. If the officer acting both as trustee and executor had sought to obtain a final distribution of the estate, he would have been likely to proceed in the orderly and well-defined manner marked out by the Massachusetts statute, chapter 206, General Laws of Massachusetts, § 21, and to have thus obtained an order of distribution. He did not so proceed; and while it is true that an actual distribution might have been obtained without such action, we think no actual distribution of the estate has been shown in the record.

We think the Board of Tax Appeals was right in pointing out that when the tax became payable, the party in charge of the estate, namely, the respondent, had already served in the capacity of executor and had filed his final account with the court as such officer; and in holding that the fact that the tax did not fall due against the estate during the term of office of executor, but during his term of office as trustee, ought not to prevent the trustee from taking the deduction in the computation of net taxable income of the decedent's estate.

The Federal Revenue Act of 1928, § 23 (c), explicitly allows deduction for *income tax purposes* of "estate, inheritance, legacy, and succession taxes." By the terms of the statute this deduction is allowable "only to the estate"; in other words, such taxes are a proper offset against the income received by an estate. For the reasons which we have given we think the Board of Tax Appeals was right in holding that the word "estate" was used in this connection in a sense sufficiently broad to include the property of a decedent held by an official appointed by the probate court on whom was imposed by state law the duty of paying such taxes. The basic purpose of the statute and regulations is that inheritance taxes, in whatever guise imposed, shall be "deductible by the estate" with reference to federal income taxes. The Massachusetts statute views the distribution of a decedent's estate as a proceeding by which the

property left by the decedent reaches the new owners to whom it is ultimately destined. While the property is being held together for that purpose, it seems to us that in Massachusetts at least it constitutes the estate of the decedent, and as such comes within the language, as it certainly comes within the intention, of the federal statute.

The amendment of 1928 clearly made a sharp distinction from the former law under which the taxes in question were permitted to be used as a deduction by the beneficiaries as well as by the estate.

There is much general and equitable force in the suggestion that if a beneficiary cannot deduct an inheritance tax from his income, his trustee should not be permitted to do so. But there is the statute, and the interpretation which we have given to it in this opinion.

We think the Board of Tax Appeals was right in holding that the term "estate" as used in the statute in question, is broad enough to include all estates deriving their powers from the will of a decedent, and required by the statutes of the state to pay inheritance, estate, legacy, and succession taxes upon property of deceased persons, whether the person charged with its administration be an administrator, executor, or a testamentary trustee.

The order of the Board of Tax Appeals is affirmed.

WILSON, Circuit Judge (dissenting).

I am unable to concur in the disposition of the case arrived at in the opinion of my colleagues. The contention of the appellee and the order of the Board of Tax Appeals seem to me to ignore certain facts that to my mind should be decisive of the case.

Marcus Beebe, the decedent, died in January, 1924, and by his will devised and bequeathed all the residue of his estate to the appellee and a brother, Frederick Beebe, as trustees, and named them as executors of his will, and directed his executors and trustees to pay to his son, Marcus Beebe, Jr., when he arrived at the age of thirty years, one-third of all the rest, residue, and remainder of his estate then remaining in their hands.

Two years after the testator died, or January 26, 1926, the petitioner filed his account as executor—whether his coexecutor and cotrustee had in the meantime died or resigned does not appear. The record merely states that the petitioner, following the filing of his account, was appointed trustee.

I think the inference from the record is beyond dispute, that the appellee had filed his final account as executor, having settled the estate, when he received the residuum as trustee on January 26, 1926, since the residuum can only be determined when an estate has been finally settled.

Marcus, Jr., became thirty years of age on April 27, 1927, and received his share of the then corpus of the trust fund. It is, perhaps, unfortunate that the record does not show whether there were other beneficiaries of the trust fund than the son, Marcus, Jr. The inference from the record is that there were other beneficiaries as the will provides for only one-third of the residuum to be paid to him when he arrives at thirty years of age. If so, the trustee should not in any event pay out of income of the trust fund, two-thirds of which belonged to other beneficiaries, taxes, the entire amount of which it was incumbent on Marcus, Jr., to pay, and which should have been deducted from his share of the corpus of the trust fund before payment to him. Section 17, chap. 65, G. L. Mass.

The opinion of the Board of Tax Appeals and the opinion of the majority of the court cite section 7 of chapter 65, G. L. Mass., which provides that the executor, administrator, or trustee shall pay to the state treasurer the succession taxes imposed by that chapter, but, as it seems to me, fail to take into consideration section 17 of this chapter, which provides that an executor, administrator, or trustee shall first deduct the tax or collect it of the legatee before turning over to him any property or specific legacy subject to a succession tax.

In other words, the succession taxes of Massachusetts are, in the final analysis, payable by the legatee or beneficiary and not by executors or trustees from an estate, whether in process of settlement or held in trust.

The Supreme Court in Leach v. Nichols, 285 U. S. 165, 169, 52 S. Ct. 338, 340, 76 L. Ed. 681, affirming the decision of this court in Nichols v. Leach, 50 F.(2d) 787, said: "The Massachusetts statute by plain words [referring to section 17, chap. 65, G. L.] places the real burden of the tax upon the legatee or other person who receives a decedent's property. Payments required of an executor are only preliminary; ultimately they must be met by the beneficiaries."

Whatever may be the effect of section 23 (c) of the Revenue Act of 1928 (chapter 852, 45 Stat. 799, 26 USCA § 2023 (c) as to estates in the hands of executors or administrators, while in process of settlement, I cannot subscribe to a construction that permits a

trustee, after distribution to him of the residue under a will for payment to certain beneficiaries under the terms of a will, to deduct from income of the trust fund a tax which, under section 17 of chapter 65, G. L. Mass., must be deducted from the share paid to each of the beneficiaries, and, therefore, is never paid from the income of the trust, or which a trustee, at least, has no right to pay from the income, but must be deducted before payment from that part of the corpus of the trust paid to a beneficiary.

Whether Congress intended by the concluding clause of section 23 (c) that an executor could deduct a succession tax, which in Massachusetts an executor does not pay from the income of the estate while in the process of settlement, may be a question, but it is not necessary to decide that question in this case. In passing, however, it may be said that such a construction of section 23 (c) of the Revenue Act of 1928 is so contrary to sound reason and the general policy as to deductions indicated in section 23 (26 USCA § 2023) as a whole, that I think it should be construed as merely settling the question previously in doubt (see section 703 of the 1928 act [26 USCA § 2703]) as to whether a succession tax can be deducted by a legatee in determining his income tax, or must be held to be a deduction from the corpus of the estate distributed to him; and that Congress intended thereby no more than that inheritance taxes are deductible by an estate when the estate pays them.

This is plainly indicated by the report of the Committee of each House of Congress in recommending the addition to section 214 (a) (3) of the 1926 act, 26 USCA § 955 (a) (3), the provision now found at the end of section 23 (c) of the 1928 act. The Finance Committee of the Senate in its report explaining the purpose of the addition said: "This is a change in existing law and is a substantial simplification. Furthermore, there is no sound policy which requires the deduction to be allowed to the beneficiary. The distributions of corpus which he receives are not treated as income and the tax which he is required to pay in effect is merely a decrease in the corpus transmitted to him." The house report was to the same effect.

This construction also finds support in the language of section 23, which provides:

"In computing net income there shall be allowed as deductions:

"(a)  *  *  *

"(b)  *  *  *

"(c) Taxes Generally.  Taxes *paid or accrued* within the taxable year, except—

"(1)  *  *  *

"(2)  *  *  *

"(3)  *  *  *

"For the purpose of this subsection, estate, inheritance, legacy, and succession taxes  *  *  *  shall be allowed as a deduction only to the estate."  (Italics supplied.)

Since section 23 (c) allows deductions only for *"taxes paid or accrued,"* Congress must be held to have intended under this subsection to allow a deduction to a taxpayer only in case he has paid a tax, whether an individual, corporation, or an estate, or, if his books were kept on an accrual basis, when a tax has become an accrued obligation. An estate, therefore, should only be permitted to deduct under subsection (c) a tax which it has paid, or was under obligation to pay and which had accrued. This is the only consistent construction of subsection (c), and is in accord with sound reason.

When an estate has been settled and the residuum paid to trustees for the benefit of certain beneficiaries, who alone are liable for a succession tax in Massachusetts, there is, at least, no ground for extending the addition to section 23 (c) to cover taxes, which a trustee is not only not authorized to pay, but by section 17 of chapter 65, G. L. Mass., is prohibited from paying. An intention so inconsistent with the actual facts and contrary to the plain effect of a state statute, should not be attributed to Congress.

Congress, having prohibited a beneficiary from deducting such a tax, should not be held to have intended that a trustee, holding property solely for the benefit of a beneficiary, who holds the vested title thereto under a will, possession only being deferred, could do what the beneficiary was prohibited from doing.

Any regulation of the Commissioner to the contrary must be held invalid as contrary to the intent of Congress.