## DONNELLEY et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 5052.

Circuit Court of Appeals, Seventh Circuit.

Jan. 24, 1934.

Rehearing Denied March 2, 1934.

James H. Winston and Harold A. Smith, both of Chicago, Ill., for petitioners.

Carlton Fox, Pat Malloy, Sewall Key, and F. Edward Mitchell, Sp. Assts. to Atty. Gen., for respondent.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

This appeal involves the deductibility of an alleged loss by a voluntary payment made by taxpayer in 1927 to persons who had been his creditors in 1905, and whose claims had been extinguished in 1905 for sums less than the full amount of the indebtedness. Both the Commissioner and the Board of Tax Appeals disallowed the deduction and assessed a deficiency tax of $68,439.34.

The facts are: Reuben H. Donnelley and one Knight were in partnership in the brokerage business in 1905. Bankruptcy proceedings were instituted against the firm and the members thereof, which proceedings were dismissed before a discharge was ordered, because of the settlement of all the firm's debts. One Morris, an attorney, negotiated the settlement of all claims of the bankrupts' creditors for from twenty-six cents to one hundred cents on the dollar. The money used was furnished by Mr. Thorne, brother-in-law of Donnelley. The creditors executed assignments of claims in blank or running to Morris or to Thorne or to "someone else." In addition to the meager assets of the firm, Donnelley and his partner each gave his note for $300,000, due in ten years, to Thorne, as security for his advances. There is no evidence as to whether Donnelley's note was paid. In 1927, Donnelley, having become affluent, paid $141,687.82, as principal, and $131,856.53, as interest, to the old creditors of the firm. These sums, totalling $273,544.35, constitute the item in issue. Their payment in 1927 constitutes the basis of a deduction in said year from the taxpayer's income.

It is petitioners' contention that Donnelley was fulfilling a moral obligation to pay his old creditors one hundred cents on the dollar; that Thorne merely loaned the settlement money to Donnelley so that he might effect a settlement; that the payment of the balance of the principal was deductible under section 214 (a) (4, 6), 26 USCA § 955 (a) (4, 6), as a loss sustained in 1927; and that the interest item was deductible under section 214 (a) (2), 26 USCA § 955 (a) (2).

The Commissioner denies that this payment was a deductible loss, as that term is used in section 214 (a) of the Revenue Act. He further says that there was no composition with creditors of the firm because the claims were sold to Thorne, and since the payments in 1927 were gratuitous, there should be no allowance for such payments.

Section 214 (a) provides:

"In computing net income there shall be allowed as deductions: * * *

"(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business; * * *

"(6) Losses sustained during the taxable year of property not connected with the trade or business * * * if arising from fires, storms, shipwreck, or other casualty, or from theft, and if not compensated for by insurance or otherwise. * * *"

While confessing to a desire to reward such action as is here under review, we find no justification for declaring the transaction to be a loss which might be deducted from the taxpayer's income in 1927. The debts of the old firm were assigned by the creditors to a third party. The bankrupts settled the claim

of said third party for moneys advanced by giving their notes therefor. There was no debt from the taxpayer to the original creditors. The sums which he paid them in 1927 were gifts which, though the legitimate object of commendation, can not be converted into losses by the taxpayer in order that his income taxes might be reduced.

More justification exists for calling it the payment of a debt than a loss, on the theory that a debtor occasionally pays an obligation which has been legally satisfied by a discharge in bankruptcy or by the statute of limitations or by compromise. We have endeavored, though unsuccessfully, to evolve a theory upon which a deduction might be thus predicated. None has been found.

The instant case involves no such consideration for the payment of the satisfied obligations of the taxpayer as existed in the case of Welch v. Helvering, Comm., 290 U. S. 111, 54 S. Ct. 8, 78 L. Ed. ——, decided Nov. 6, 1933. Nevertheless, the court in that case disallowed the deduction.

The decree is affirmed.