## COMMISSIONER OF INTERNAL REVENUE v. PENNSYLVANIA CO. FOR INSURANCE ON LIVES AND GRANTING ANNUITIES.

### No. 5988.

Circuit Court of Appeals, Third Circuit.
April 14, 1936.

546

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Ellis N. Slack, Sp. Assts. to Atty. Gen., for the petitioner.

Frederick H. Spotts, of Philadelphia, Pa. (Pepper Bodine Stokes & Schoch, of Philadelphia, Pa., of counsel), for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. Under the terms of the will and codicil of Joseph G. Hendrickson, deceased, the respondent became the substituted executor and trustee of the decedent's estate. Under the provisions of the will, the decedent gave a portion of his residuary estate to his executors in trust to pay the income to his sister, Addie C. Carpenter, for life, with remainders over after her death. Addie C. Carpenter died in 1930. The respondent paid the collateral inheritance taxes to the commonwealth of Pennsylvania upon the reappraised value of the estate passing to the remaindermen. In its income tax return for 1930, filed on behalf of the trust, the respondent deducted from gross income the amount of the inheritance taxes so paid. The Commissioner disallowed the deduction and assessed a deficiency, but was reversed by the Board of Tax Appeals.

Section 23 (c) of the Revenue Act of 1928, 26 U.S.C.A. § 23 (c) and note, provides:

"Deductions from gross income. In computing net income there shall be allowed as deductions: * * *

"(c) Taxes Generally. Taxes paid or accrued within the taxable year, except—
* * *

"For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate.".

The Commissioner claims that the testamentary trust is not an estate, and that, inasmuch as the taxes were paid by the respondent as trustee and not as executor, they are not deductible. The trust was created by the will. That portion of the estate funds allocated to the trust was as much part of the estate as were the assets disposed of in other fashion. Compare Commissioner of Internal Revenue v. Beebe (C.C.A.) 67 F.(2d) 662, 92 A.L.R. 862. In fact, the administration of the estate could not be deemed wound up until the termination of the trust. Within the meaning of the act, the respondent is claiming the deduction on behalf of the estate and is entitled thereto.

The decision of the Board of Tax Appeals is affirmed.