### PENROSE v. UNITED STATES.

### No. 18480.

District Court, E. D. Pennsylvania.

March 3, 1937.

414

J. Warren Brock and Edmonds, Obermayer & Rebmann, all of Philadelphia, Pa., for plaintiff.

Thomas J. Curtin, Asst. U. S. Atty., and Charles D. McAvoy, U. S. Atty., both of Philadelphia, Pa., for the United States.

MARIS, District Judge.

This is a suit under 28 U.S.C. § 41 (20), 28 U.S.C.A. § 41 (20), to recover an income tax which the plaintiff claims to have been unlawfully levied and collected from him for the year 1929. The United States has filed an affidavit of defense raising the question of law that the plaintiff's statement of claim does not state a cause of action.

The statement avers that Charles B. Penrose died February 27, 1925, leaving a will wherein, inter alia, he bequeathed his entire residuary estate to the Pennsylvania Company for Insurances on Lives and Granting Annuities, Sarah H. B. Penrose Van Pelt, his daughter, and Boies Penrose, his son (the plaintiff), in trust to divide it into two parts and to pay the income from the respective parts to his daughter and to his son for their respective lives with remainders over. He appointed his daughter and son executors of his will.

Paragraph thirteenth of the will provided:

"I order and direct my Executors herein named to pay all inheritance taxes on my estate and all legacies, devises, gifts or appointments contained herein out of the principal of my estate, so that all such taxes shall be charged on and paid out of the principal of my residuary estate."

On February 27, 1926, the executors filed a federal estate tax return indicating an estate tax to be due amounting to $373,-324.36 and on the same day they paid that amount of tax to the collector of internal revenue. The executors filed their account and it was adjudicated and confirmed by the orphans' court of Philadelphia county, confirmation becoming absolute on January 24, 1927. At that time the amount of the estate tax liability had not been finally determined, and, accordingly, in the schedule of distribution submitted by the executors and approved by the orphans' court, they were directed to withhold property of the value of $150,000 for the purpose of paying any additional federal estate tax liability which should be determined subsequently to be due. Thereafter the executors transferred to the trustees above mentioned the decedent's net residuary estate except the said sum of $150,000 and the trustees set up and established the two trusts for the benefit of the decedent's daughter and son respectively above mentioned.

On May 1, 1929, the Commissioner of Internal Revenue finally determined the total federal estate tax liability of the estate and assessed a deficiency estate tax in the sum of $118,228.40, which was paid on July 8, 1929, with interest in the amount of $23,736.42. Three days later the executors paid an additional interest charge of $151.90, the total interest paid on the additional estate tax being $23,888.32.

These payments were made by the executors in this way. The additional tax, amounting to $118,228.40, was paid out of the principal of the reserved fund of $150,-000 which they had retained. At this time the balance of the income of that reserved fund remaining in their hands was only $3,361.31. This amount the executors used toward the payment of the interest on the tax. The remainder of the interest, amounting to $20,527.01, was charged by the executors against and was actually paid out of the income in their hands as trustees of the two trusts created for the benefit of Sarah H. B. Penrose Van Pelt and Boies Penrose, the plaintiff, respectively, $10,263.50 being paid out of the income of the trust for the benefit of the plaintiff and a like sum out of the income of the trust for the benefit of his sister.

Thereafter about March 15, 1930, the trustees filed a fiduciary income tax return for the year 1929 for the trust for the benefit of the plaintiff and in the return claimed as a deduction from net income the said sum of $10,263.50 representing the amount

paid out of the income of that trust on account of the interest on the estate tax liability of the estate. Likewise plaintiff, in his individual income tax return for 1929, charged himself only with the income from the said trust fund remaining after the deduction of the said sum of $10,263.50. Upon the audit of his return the Commissioner added that sum to his taxable income and assessed an additional tax thereon which the plaintiff paid June 17, 1932. On January 17, 1934, he filed a claim for the refund of the tax so paid which the Commissioner disallowed on December 12, 1934, whereupon the plaintiff brought this suit.

It will be seen that the sole question for our consideration is whether the trust estate set up under the will of Charles B. Penrose for the benefit of the plaintiff was entitled to the deduction of $10,263.50 as a payment of interest on indebtedness in the year 1929. If it was, then the plaintiff, as beneficiary of the trust, was also entitled to the deduction, and the amount of tax which he was compelled to pay upon this sum should be refunded to him.

At the outset we are confronted with the question whether the payment here involved was in fact interest or whether it was actually a part of the estate tax. It is, however, specifically described as interest in section 308 (h) of the Revenue Act of 1926 (26 U.S.C.A. § 491), which is the statutory provision requiring its payment, and while that section does provide that it shall be assessed at the same time as the deficiency in tax and collected as a part of the tax, we agree with the statement of the Board of Tax Appeals in Capital Building & Loan Ass'n v. Commissioner, 23 B.T.A. 848, that "the interest on a tax is not a tax, but is something in addition to the tax."

It thus appears that the payment of $10,263.50 was a payment of interest. It is we think equally clear that it was a payment of interest on indebtedness of the estate of Charles B. Penrose. The federal estate tax is by the terms of the Revenue Act made a lien upon the decedent's entire estate and is payable out of the property of the estate even though it may have passed out of the possession of the executor. The tax is, therefore, undoubtedly an obligation or debt of the estate, and while the executor is primarily liable to pay it, it is nevertheless payable by any person who has in his hands property comprising a part of the estate.

The defendant, argues, however, that the trust estate created by the decedent's will for the benefit of the plaintiff was distinct from the decedent's estate and that the latter alone was indebted for the tax and, therefore, it alone was entitled to deduct the interest paid thereon. To this proposition we cannot accede. In our opinion the testamentary trust created by the decedent's will was just as much a part of his estate as the fund which the executors retained in their possession. Commissioner v. Beebe (C.C.A.) 67 F.(2d) 662, 92 A.L.R. 862; Commissioner v. Pennsylvania Co., etc. (C.C.A.) 83 F.(2d) 545, 546. In the latter case Circuit Judge Thompson said:

"The Commissioner claims that the testamentary trust is not an estate, and that, inasmuch as the taxes were paid by the respondent as trustee and not as executor, they are not deductible. The trust was created by the will. That portion of the estate funds allocated to the trust was as much part of the estate as were the assets disposed of in other fashion. Compare Commissioner of Internal Revenue v. Beebe (C.C.A.) 67 F.(2d) 662, 92 A.L.R. 862. In fact, the administration of the estate could not be deemed wound up until the termination of the trust. Within the meaning of the act, the respondent is claiming the deduction on behalf of the estate and is entitled thereto."

It follows that the interest paid out of the income of the testamentary trust for the benefit of the plaintiff was paid upon indebtedness of that trust estate.

The United States finally urges, however, that even if this be so the interest so paid is not deductible because under paragraph thirteenth of the will it should have been paid out of the principal of the estate retained by the executors and not out of income. That is the paragraph by which the decedent directed his executors to pay all inheritance taxes out of the principal of his residuary estate. It is a sufficient answer to this contention to point out that the payment here involved was not a payment of tax but of interest upon a delinquent tax payment. In our opinion, paragraph thirteenth cannot be construed to refer to interest on delinquent tax payments. Under the law of Pennsylvania, it is well settled that interest on indebtedness of a decedent's estate or on incumbrances on property held by him is payable out of income of the life tenant and not out of principal reserved for the remainder-

men. Neide's Estate, 22 Pa.Dist.R. 563; Fidelity, etc., Safe-Deposit Co. v. Dietz, 132 Pa. 36, 18 A. 1090. It must, therefore, be presumed, in the absence of an express direction in the will to pay interest on delinquent taxes out of principal, that the decedent intended the Pennsylvania rule on the subject to be applied in the administration of his estate.

We, therefore, conclude that it was proper to pay the interest here in question out of the income of the estate rather than out of the principal which the executors had reserved for the payment of taxes. We are fortified in this conclusion by the fact that a contrary holding would be manifestly unfair to the remaindermen since delay in the payment of the tax would be entirely at their expense while the life tenants through their receipt of the income upon the principal funds reserved to pay the tax would actually benefit from the delay. For the reasons given, we conclude that the plaintiff's statement of claim sets forth a good cause of action.

The questions of law are accordingly decided against the defendant, with leave to file a supplemental affidavit of defense to the averments of fact of the statement within sixty days.