WILLIAM H. SIMON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FANCHON SIMON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 82173, 82174. Promulgated June 18, 1937.

*Elias J. Aye, Esq.,* and *Gerald Bridges, Esq.,* for the petitioners.
*Byron M. Coon, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The petitioners, husband and wife, residing in California, contest deficiencies determined in respect of their community

income for 1933, amounting to $265.81 each. Of three items of adjustment, two have been amicably settled and only one remains to be decided. This is the correctness of a deduction of $1,125 on each' return, or $2,250 in all, taken as interest paid, which the Commissioner disallowed:

* * * for the reason that the obligation on which the interest was paid was the obligation of the Namyl Company. It is held that, as the obligation is not your obligation and was paid in behalf of another, the amount paid is not deductible from your income. [Citing *P. P. Griffin*, 7 B. T. A. 1094.]

The facts were stipulated and need not be set forth in detail.

In April 1932 petitioner was president and a director of the Namyl Co.[1] That corporation had become the owner of realty subject to a deed of trust to secure a note given by the preceding purchaser for $37,500, with interest at 7 percent. The last interest had not been paid. By agreement with the Title Insurance & Trust Co., which held the note, the maturity of the note was extended from September 28, 1932, to September 28, 1935, and the rate of interest reduced to 6 percent. Petitioner was individually a party to this agreement, and the provision relating to him is as follows:

4th. Simon hereby undertakes and agrees with the Trust Co. that he will pay for and on behalf of The Namyl· Co., before the same become delinquent, the following designated taxes on said real property, to-wit:

    (a) the second installment of the taxes for the fiscal year 1931–1932;
    (b) both installments of the taxes for the fiscal year 1932–1933; and
    (c) the first installment of the taxes for the fiscal year 1933–1934,

and Simon also undertakes and agrees with the Trust Co. to pay to the Trust Co. on behalf of The Namyl Co. when due each installment of the interest which accrues on said Thirty-seven Thousand Five Hundred Dollar note during the period of the two years next succeeding the date of this agreement, and Simon pays upon the execution hereof Five Hundred Sixty-two and 50/100 Dollars ($562.50), being the quarterly installment of interest on said Thirty-seven Thousand Five Hundred Dollar note which fell due on the 28th day of March, 1932, at, however, the reduced rate of six per cent effected hereby.

The Namyl Co. became insolvent in 1933, and petitioner, in 1933, "pursuant to the agreement", paid the interest, amounting to $2,250.

In 1934 the Namyl Co. reconveyed the property, its only asset, to the holder of the note in lieu of foreclosure, and the note was canceled.

The statutory deduction for interest is in the following language:

All interest paid or accrued within the taxable year on indebtedness, * * *. [Revenue Act of 1932, sec. 23 (b).]

So far as the stipulation shows, the principal indebtedness on the note was solely that of the Namyl Co., and the interest which petitioner undertook to pay was not interest on his indebtedness, and

---

[1] Whether he was a shareholder does not appear from the stipulation.

properly speaking may not as to him be called interest at all. See *Morris Plan Co. of Binghamton*, 26 B. T. A. 772, 777; *Helen B. Sulzberger*, 33 B. T. A. 1093, 1099; *Harvey M. Toy*, 34 B. T. A. 877, 881. Indeed, the nature of his payment can not, from the facts in evidence, be described except generally as the consideration for the noteholder's extension to the principal obligor of the maturity of the note and the reduction of the rate of interest. Although these considerations operated more directly to the Namyl Co., the obligor on the note, they also were enough to support the petitioner's promise. Still his promise was not one to pay interest on his indebtedness. See *Sand Springs Railway Co.*, 21 B. T. A. 1291, 1310.

Congress meant to provide a deduction not of any payment that a taxpayer may choose to label interest, but only of such as is interest in truth. *Baltimore & Ohio Railroad Co.* v. *Commissioner*, 78 Fed. (2d) 460. It used the term in its ordinary meaning. *Old Colony Railroad Co.* v. *Commissioner*, 284 U. S. 552; *Corbett Investment Co.* v. *Helvering*, 75 Fed. (2d) 525.[2] The assumption by a third person to pay an obligor's interest directly to the obligee may be a gift or support and maintenance, *Colstor.* v. *Burnet*, 59 Fed. (2d) 867; certiorari denied, 287 U. S. 640; or alimony, *Longyear* v. *Helvering*, 77 Fed. (2d) 116; or rent, *Charles R. Holden*, 27 B. T. A. 530; or the purchase price of assets, *Automatic Sprinkler Co. of America*, 27 B. T. A. 160, deductible or not, as the case may be. But since the statute expressly classifies the deductions which are allowable, it is important that the classification be kept clear and not be clouded by specious use of its terms.

The petitioner's argument treats Simon's obligation as one of guaranty of the Namyl Co.'s obligation for interest, and shows that under California law "a guarantor is directly and primarily liable for the payment of the debt guaranteed." Even if this be correct, and the words of the agreement, "on behalf of The Namyl Company", are to be treated as words of guaranty, this still does not demonstrate that Simon's obligation is as to him one for interest. See *Eugene W. Small*, 27 B. T. A. 1219.

The Commissioner correctly disallowed the deduction taken as interest. Whether there are other grounds to support a deduction by petitioner in either 1933 or later years can not be decided upon the present record, since the issue was plainly stated and the stipulation adjusted to it. *General Utilities & Operating Co.* v. *Helvering*, 296 U. S. 200.

*Judgment will be entered under Rule 50.*

---

[2] Law of Federal Income Taxation, Paul and Mertens, § 24.10.