**SCRIPPS et al. v. COMMISSIONER OF INTERNAL REVENUE.**

**Nos. 7480–7483.**

Circuit Court of Appeals, Sixth Circuit.

May 4, 1938.

Paul Patterson, of Cleveland, Ohio (Paul Patterson, Baker, Hostetler, Sidlo & Patterson, and John C. Morley, all of Cleveland, Ohio, on the brief), for petitioners.

Harry Marselli, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Ellis N. Slack, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The petitions for review involve identical legal questions: Whether estate taxes paid by a revocable trust created by the decedent in his lifetime may be deducted from the income of the trust notwithstanding section 23(c) of the Revenue Acts of 1928 and 1932, 26 U.S.C.A. § 23 note, which provides that estate taxes shall be allowed as a deduction only to the estate; and the subsidiary question whether interest on deferred payments of estate taxes paid by the trust is deductible from its income under section 23(b), 26 U.S.C.A. § 23(b) and note, regardless of its right to deduct the actual tax payments.

The decedent was E. W. Scripps, founder of the Scripps-Howard newspapers. The petitioner is his son, in his individual capacity and as trustee of the trust here involved. He is also the executor under his father's will. In furtherance of a plan for unified control of his chain of newspapers, E. W. Scripps in June, 1922, organized the E. W. Scripps Company, transferred to it all his stock in his newspaper and affiliated corporations, and took in exchange 4,000 shares of stock in the new company. In November of that year he entered into a trust agreement with his son, transferring to him as trustee all of his Scripps Company stock and other real and personal property. By the terms of the trust instrument the grantor retained power of revocation and modification, power to add other property to the trust and to alter its terms by will. He reserved for himself the entire net income of the trust and the free use and enjoyment of its real estate. The trustee was prohibited during the trustor's lifetime from disposing of any stock of the Scripps Company, from executing deeds, leases, proxies, powers of attorney, agreements, or other instruments in writing, from voting stocks in the trust estate, and from borrowing money on the security of any part of the trust estate without the written authority of the grantor. Provision was made for the trustor's wife and daughter after his death, and for other beneficiaries out of the net income of the trust fund available for distribution. Of its remainder 30 per cent. was to be used for investment in newspapers and news enterprises, which were to become part of the trust estate, and the balance subject to still other bequests was payable to the petitioner and after his death to his children. Final distribution of the trust estate would follow the death of the survivor of the grantor's wife and children living at the time of his death, and the trustee was directed to pay federal estate taxes from the income or principal of the trust estate.

Upon the day the trust agreement was executed E. W. Scripps made his last will and testament. In it he named the petitioner executor, directed that the debts of the estate be paid, recited the provisions already made for his wife, daughter, and others, and bequeathed the residue of his estate to the petitioner in trust for the uses and purposes and upon the terms of the trust agreement. In 1926 E. W. Scripps died, without revoking or substantially modifying either the trust agreement or the will. At his death the trust fund had a value of over $15,000,000, his personal estate a value of less than $2,000,000. Debts, exclusive of administration expenses and estate taxes, aggregated more than $5,500,000. The personal estate was exhausted by debts and expenses and none of it passed to the legatees. In the executor's estate tax return the trust fund was treated as part of the gross estate and the estate tax assessment after crediting state succession taxes paid was $1,207,-964.69. This was paid in installments over a period of years with interest on deferred payments, and, except for some controversy as to the source of the 1928 and a part of the 1929 installments, was all paid from the funds of the trust estate. For the several years in which installments of tax were paid the trustee filed fiduciary tax returns, deducting from income the principal and interest paid on account of the estate tax. The respondent disallowed the deductions to the trust estate, and since the trust instrument provided (after payment of certain annuities) that 30 per cent. was to be accumulated and 70 per cent. to be paid to Robert Scripps individually, the respondent

added 70 per cent. of the disallowed deductions to the income of Robert Scripps and 30 per cent. to that of the trust. The petitioner then sought review both as beneficiary and as trustee. His petitions were consolidated for hearing by the Board of Tax Appeals and the Commissioner's determinations sustained. A single opinion was announced by the Board disposing of all four cases, and they have been heard as one in the review by this court.

The Revenue Acts of 1928 and 1932 here applicable each includes section 23, which is as follows:

"§ 23. *Deductions from gross income.* In computing net income there shall be allowed as deductions:

\* \* \* \* \*

"(c) *Taxes generally.* Taxes paid or accrued within the taxable year \* \* \*.

"For the purpose of this subsection, estate, inheritance, legacy, and succession taxes \* \* \* shall be allowed as a deduction only to the estate." 26 U.S.C.A. § 23(c) note.

The present controversy revolves about the meaning of the term "estate." It is not defined in any of the provisions of the Revenue Act of 1928 governing the assessment and collection of income taxes. The petitioner, however, contends that it is defined in the provisions of prior Revenue Acts governing the assessment and levy of estate taxes, and that such sections must be read in pari materia with section 23. It is said that since by section 302, title 3, of the Revenue Act of 1926, 44 Stat. 70, the gross estate of a decedent includes property subject to a revocable trust intended to take effect in possession or enjoyment at or after the trustor's death, and since title 3 of the 1926 Act, 44 Stat. 69, and section 23 (c) both deal with federal estate taxes, the former levying the tax and determining what property shall be included in the estate and the latter providing that the estate shall be entitled to deduction of the tax for income tax purposes, that that which is the estate under estate tax provisions of the 1926 act is the estate entitled to the deduction allowed by section 23(c).

Section 302 of the Estate Tax Title, 44 Stat. 70, so far as applicable to this contention, reads:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death

of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \*

"(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke \* \* \*."

This in our view but provides a rule, necessarily arbitrary, for computing the value of the gross estate for estate tax purposes, and its obvious design is to prevent tax avoidance. This is likewise true of section 302(c), which requires inclusion in the value of a decedent's gross estate of the value of property transferred in contemplation of death. Both are but formulae for determining the basis for the tax. Neither purports to define estate as a taxable entity. The corpus of a trust is, of course, an estate—the trust estate, just as the assets of a bankrupt constitute the bankrupt's estate. The term so employed comprehends the quantum of ownership, dominion, or control of property or interests vested in the fiduciary. But an estate in respect to liability for taxes is not of like connotation. Like the trust spoken of in Anderson v. Wilson, 289 U.S. 20, 27, 53 S. Ct. 417, 420, 77 L.Ed. 1004, it is an abstraction which the law has seen fit to deal with for income tax purposes as having a separate existence, making its own return and claiming and receiving its own appropriate deduction. In this sense the qualifying adjectives "gross" and "net" are inapplicable to it, and it is in this sense, as denoting an abstract but recognizable taxable entity, that the word "estate" seems to be used in section 23(c).

Nor does the history of that section indicate otherwise. Its purpose was said (Report 960, Senate Committee on Finance, 70th Congress, 1st Session, p. 19), to provide "that estate, inheritance, legacy and succession taxes shall be allowed as deductions only to the decedent's estate and not to the beneficiary. This is a change in existing law and is a substantial simplification." Furthermore, there is no sound policy which requires the deduction to be allowed to the beneficiary. The distributions of corpus which he receives are not treated as income and the tax which he is

required to pay in effect is merely a decrease in the corpus transmitted to him."

We are referred to two decisions which hold that under section 23(c) testamentary trusts are entitled to deduct state inheritance taxes, and it is argued a fortiori that a revocable trust intended to take effect in possession or enjoyment at or after the trustor's death should be entitled to deduct federal estate taxes. Commissioner v. Junius Beebe, Trustee, 1 Cir., 67 F.2d 662, 92 A.L.R. 862, and Commissioner v. Pennsylvania Company for Insurance, etc., 3 Cir., 83 F.2d 545. But the trust in each case was created by will and decision was based upon the circumstance that the trust derived its powers from the will of the decedent and was therefore the decedent's estate, whether the person charged with its administration was administrator, executor, or testamentary trustee. The present trust was created by the decedent during his lifetime. The trust estate was severed from the decedent's personal estate, subject it is true to a reserved power of revocation, but severed notwithstanding unless and until such power was exercised. Upon the death of the decedent the trust powers became absolute, but by virtue of the trust instrument and not of the will.

The conclusion that a revocable living trust is not the equivalent of a testamentary trust must follow consideration of the rights of creditors to the assets conveyed. The corpus of a testamentary trust may never come into being if the debts of the estate entitled to priority exhaust the estate, but a transfer inter vivos may not be set aside unless in fraud of creditors, and it has been held that a power of revocation in a deed of conveyance even from a husband to his wife does not without more invalidate the transaction. Jones v. Clifton, 101 U.S. 225, 25 L.Ed. 908. "A transfer within the meaning of a taxing act may or may not be one within the statute of Elizabeth." Burnet v. Guggenheim, 288 U.S. 280, 289, 53 S.Ct. 369, 372, 77 L.Ed 748.

■ The argument that unless the trust is allowed the deduction for taxes the law discriminates against it and that such discrimination is not to be imputed to the Congress is not persuasive. Deductions from income are, as pointed out by the Board of Tax Appeals, matters of legislative grace, and can be allowed only when granted by clear language, the rule that ambiguities must be resolved in favor of taxpayers having no application to deduction provisions of taxing acts. New Colonial Ice Company v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; Helvering v. Inter-Mountain Life Insurance Co., 294 U.S. 686, 55 S.Ct. 572, 79 L.Ed. 1227. In any event we must take the statute as we find it. Moreover, there is no convincing demonstration of discrimination. The trustee was vested with a trust estate of certain value, but subject to an obligation to pay the debts and estate taxes of the decedent. The economic benefit of the grant was therefore not the value of the trust estate but its value diminished by the amount of tax and debts the trust was required to pay. The trust has received everything that the grantor had intended it to receive. As was said in another connection, "This alone was given, and this has been received. There has been no loss by the taxpayer of anything that belonged to him. * * *" Anderson v. Wilson, supra (page 419).

■ The contention that the trust is entitled to deduct the interest which it paid upon deferred installments of its tax obligation without regard to whether it qualifies as an estate under section 23(c) bears another aspect. Section 23(b) provides that in computing net income there shall be allowed as deductions all interest paid or accrued within the taxable year on indebtedness. There is here no express limitation upon the character of the taxable entity claiming the deduction. It is true, of course, that there is an implied limitation, and that the indebtedness must be the taxpayer's indebtedness, not that of someone else. But we have no difficulty in concluding that the interest paid by the trust was interest upon its indebtedness, and this without regard to whether its obligation was a primary or a secondary obligation. The liability was specifically imposed upon it by the taxing law, and its property was subject to government lien. Section 315(a) (b), 44 Stat. 80. Had it borrowed the money with which to pay the tax there would then have been no question of its right to deduct interest on the indebtedness. We see no question of that right in the present situation. There is no analogy in the alimony cases, such as Longyear v. Helvering, 64 App.D.C. 238, 77 F.2d 116, nor in cases such as Donnelley v. Commissioner, 7 Cir., 68 F.2d 722, involving deduction of interest paid upon debts outlawed by the statute of limitations or from which the debtor has been relieved in bankruptcy.

■ We have been concerned, however, with the fact that the question of his right

to deduct interest notwithstanding the failure of the trust to qualify as an estate was not raised by the petitioner before the Board of Tax Appeals, was not considered by the Board or referred to in either its majority or dissenting opinion, and is not covered by any assignment of error here. However, no question is made of this failure by the respondent, and since the issue is purely one of law, requiring no new or amplified factual determination, we conclude that the right to raise it here is controlled by Helvering v. Gowran, 302 U.S. 238, 245, 58 S. Ct. 154, 157, 82 L.Ed. ——, rather than by General Utilities & Operating Co. v. Helvering, 296 U.S. 200, 204, 205, 56 S.Ct. 185, 186, 80 L.Ed. 154.

Concluding that the Board was right in affirming the Commissioner's rejection of deductions on account of the estate tax, but in error in failing to allow deductions for interest paid upon deferred installments of the tax, the decisions of the Board are reversed and the cases are remanded for new determinations in conformity herewith.

▆ We are advised of the petitioner's death. The cases will be revived in the name of his representatives and successors upon proper certification to the court.