**JONES v. HASSETT, Collector of Internal Revenue (two cases).**

**Nos. 954, 955.**

District Court, D. Massachusetts.

May 26, 1942.

196

Charles M. Rogerson and Roger W. Hardy, both of Boston, Mass., for plaintiff.

Lyle M. Turner, of Washington, D. C., and George F. Garrity, of Boston, Mass., for defendant.

WYZANSKI, District Judge.

This case presents what must be an ever-recurring question in fiduciary accounting under the federal income tax law: may testamentary trustees of the residue of an estate in their fiduciary federal income tax return deduct interest they paid on account of the testator's federal estate tax?

Charles H. Jones, the testator, named the same persons as executors of his will and as trustees of the residue of his estate. In 1936 they as executors had distributed some of their assets to themselves as trustees, but had retained in excess of $300,000. In that year they as trustees paid to the United States on account of the estate of their decedent a federal estate deficiency tax of $109,369.-30 and interest thereon of $16,961.29. The evidence does not disclose the reason why the trustees instead of the executors paid the whole tax and interest; but at the bar counsel admitted that the payment by the trustees had an effect upon beneficiaries different from what would have been the effect of a payment by the executors.

The trustees in their fiduciary return for 1936 under the federal income tax law took a deduction of $16,961.29 on account of the interest paid. On their books, the trustees charged Charles H. Jones, Jr., and Paul Jones, as beneficiaries of current income of the estate, with proportionate parts of the payment of interest, and after making such charge the trustees distributed to Charles H. Jones, Jr., $23,691.97 and to Paul Jones $23,691.98. The beneficiaries made their personal income tax returns accordingly.

The Commissioner of Internal Revenue asserted that the trustees should not have taken the interest deduction in their return; that proportionate parts of the $16,-961.29 should have been distributed to the beneficiaries of current income; and that such parts should have been included in the individual income tax returns of Charles H. Jones, Jr., and Paul Jones. On that basis, he claimed deficiencies against Charles H. Jones, Jr., and Paul Jones; they paid; and now (after making a minor correction in their computations) they sue for refunds.

The relevant statutes impose an income tax upon the trustees but give them credit for "interest paid" and for income currently distributable to beneficiaries; and then impose a tax upon beneficiaries for the amount distributable to them. The statutory scheme is accomplished by four different sections of the Revenue Act of 1936: (1) Section 142 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 884, requires the trustees to make a return for the trust "stating specifically the items of gross income thereof and the deductions and credits allowed" under the Act; (2) Section 161(a) (2) of the Act, 26 U.S. C.A. Int.Rev.Acts, page 893, imposes a tax upon income which is to be distributed

currently by the fiduciary to beneficiaries; (3) Section 23(b) of the Act, 26 U.S.C.A. Int.Rev.Acts, page 827, allows a deduction of "interest paid or accrued within the taxable year on indebtedness"; and (4) Section 162(b) of the Act, 26 U.S.C.A. Int.Rev.Acts, page 893, provides that "there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries * * * but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not".

The question at bar arises under the third of the sections just cited, Section 23(b). If the sum of $16,961.29 paid by the trustees was "interest paid on indebtedness", they were entitled to the deduction of that amount and the beneficiaries properly failed to include in their returns of income their proportionate parts of that amount. However, if the trustees were not entitled to the deduction, they should have reported the amount as income distributable to the beneficiaries of current income; the beneficiaries should have included in their returns of income their proportionate parts of that amount [Section 162(b) of the Revenue Act of 1936]; and the beneficiaries should now pay a tax as though distribution had been made properly. Freuler v. Helvering, 291 U.S. 35, 37, 38, 54 S.Ct. 308, 78 L.Ed. 634.

The plaintiffs rely upon the authority of Commissioner v. Beebe, 1 Cir., 67 F.2d 662, 92 A.L.R. 862; Scripps v. Commissioner of Internal Revenue, 6 Cir., 96 F. 2d 492, 495, 496 and Penrose v. United States, D.C.E.D.Pa., 18 F.Supp. 413. From these cases and more particularly Penrose's case, they derive the argument that a testamentary trust is part of the estate of a decedent; that the trust as part of the estate paid interest on that tax they paid interest on their own debt; that the payment was peculiarly proper because the trustees, as principles of probate law required, charged the interest to the beneficiaries of current income; and that allowance of the deduction to the trustees is fair since it enures directly to the advantage of the beneficiaries of current income who are the very persons who ultimately bear the economic disadvantage of the payment of the interest.

This reasoning seems to me unsound.

■ Despite Judge Maris' contrary ruling in Penrose's case, and despite the language in the Beebe case, interpreting another section of the revenue laws, I cannot accept the initial premise that a testamentary trust is, for the purpose of calculating tax deductions, a part of the estate of the decedent. Under the tax laws two taxable entities exist: the executors make their return and are allowed their deductions and credits; the trustees make their return and are allowed their deductions and credits. See Sections 162 and 163 of the Revenue Act of 1936, 26 U.S.C.A. Int. Rev.Acts, pages 893, 894. Thus it is often a tax advantage, as it may have been here, promptly to set up a residuary trust separate from the estate.

■ And the two entities have different obligations. The obligation to pay the estate tax and the obligation to pay the interest thereon are obligations of the executors. It is true that the property which the trustees received from the executors came to them burdened with a lien in favor of the Government for the executors' obligation to pay the tax [Section 315(a), 26 U.S.C.A. Int.Rev.Acts page 253] and also their obligation to pay the interest [Section 308(h) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 246]. But although so far as the executors were concerned the two obligations were of different natures, so far as the trustees were concerned both obligations were alike. They were statutory obligations of a transferee to pay items owed by his transferor, and neither of the trustees' statutory obligations is interest. This conclusion accords with a decision of the Board of Tax Appeals in the case of a distributee of a decedent's estate, Helen B. Sulzberger v. Commissioner, 33 B.T.A. 1093; cf. Harvey M. Toy, v. Commissioner, 34 B.T. A. 877 and with an administrative ruling in the case of a transferee of corporate assets. I.T. 3156, C.B.1938, 1 p. 213. And there are numerous other situations reviewed in William H. Simon v. Commissioner, 36 B.T.A. 184 where it has been held that when the taxpayer, pursuant to his obligation, met another's obligation to pay interest, his payment was not, so far as he was concerned, a payment of interest. The classic case is where the tenant pays interest owed by the landlord. Charles R. Holden v. Commissioner, 27 B.T.A. 530.

█ Moreover, even if from the trustees' viewpoint the payment of $16,961.-29 had been interest, they ought to get no deduction because they were entitled to reimbursement from the executors out of the part of the estate still undistributed [Section 314(b) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev.Acts, page 252]; and were not precluded from exercising that right by instructions from the testator or by lack of funds in the hands of the executors as appears to have been the case in Scripps v. Commissioner of Internal Revenue, 6 Cir., 96 F.2d 492, 493, col. 2, lines 19-21. [Nor, it may be noted in passing, were they precluded by the executors' lack in September, 1936, of current income (as distinguished from principal); since if the executors had been asked to meet this unanticipated expense, they would have been bound to pay the obligation if necessary out of principal or out of borrowed funds and then to charge the item to the beneficiaries of current income over a period of several years. Am. Law Inst. Restatement, Trusts § 233 comment (e).] If, in the case at bar, the trustees had actually been reimbursed by the executors, they would surely not be entitled to a deduction. Their position seems to me to be no different where in law they have a claim for reimbursement which was in fact collectible. If the trustees were allowed a deduction and then the executors reimbursed them, there would exist the undesirable dilemma either of denying the executors a deduction or allowing at the expense of the Government a second deduction for the same interest.

█ The references which the plaintiffs make to probate law seem to me entirely beside the point. It is true that whether the executors or the trustees paid the $16,961.29, that item, when it appears in the probate accounts, ought to be charged against beneficiaries of current income, not against corpus. Parkhurst v. Ginn, 228 Mass. 159, 170, 117 N.E. 202, Ann.Cas. 1918E, 982; Bridge v. Bridge, 146 Mass. 373, 15 N.E. 899. The reason is that otherwise the procrastination of the fiduciaries would have had the effect of increasing each year during the delay the receipts of the beneficiaries of current income at the ultimate expense of those entitled to corpus. But although the beneficiaries of current income must bear the burden of the $16,961.29, it does not follow that the item is properly described even in probate accounts as interest paid by the trustees. And whatever the state probate law may choose to call the item, it is plain that the designation is not conclusive in applying federal tax law.

As to the contention that as a matter of fairness the trustees and the beneficiaries of current income should get the deduction since the economic burden of paying the interest falls upon the beneficiaries, a sufficient answer is that in Section 23(b) Congress authorized a deduction not for economic burdens, but for interest paid on indebtedness.

After the parties have submitted appropriate calculations in the light of the opinions in this and in the companion case, 45 F.Supp. 198, a judgment will be entered in accordance with the opinion.