[No. 11079.  Department One.  July 11, 1913.]

Bo SWEENEY, *Respondent* v. LEWIS CONSTRUCTION COMPANY, *Appellant.*[1]

APPEAL—REVIEW—FINDINGS.  Findings abundantly sustained by the evidence will not be disturbed on appeal, although the evidence is conflicting.

INTEREST—DAMAGES—UNLIQUIDATED DAMAGES.  Interest is properly allowed from the time of the commencement of an action for damages to property by breach of a regrading contract, although unliquidated.

Appeal from a judgment of the superior court for King county, Tallman, J., entered October 22, 1912, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract.  Affirmed.

*Preston & Thorgrimson* and *Turner & Hartge,* for appellant.

*Dorr & Hadley,* for respondent.

MOUNT, J.—This is the second appeal in this case.  When it was here before, upon the appeal of this same appellant, we reversed the case upon the question of damages and sent it back for a new trial between the respondent and the appellant.  In the opinion upon that appeal we said:

"The appellant corporation was entitled to have that measure of damages applied which would protect it and which at

[1]Reported in 133 Pac. 441.

the same time would fully compensate respondent for any actual loss he may have sustained . . . In other words, only such changes in values should be considered as were produced by, or directly resulted from the partial performance of the work of regrading." *Sweeney v. Lewis Construction Co.*, 66 Wash. 490, 119 Pac. 1108.

So that the only question to be determined upon the retrial was the amount of damages. The cause was retried upon that question. The trial court found that the appellant had damaged the respondent's property in the sum of $3,900, to which was added interest from the date the suit was brought, amounting in all to $4,558.45, for which amount a judgment was entered against the appellant. This appeal followed.

It is argued by the appellant that the damages allowed are excessive; that there was no depreciation or damage to the land; and that the allowance of interest was error.

Upon the second trial, it was stipulated that the evidence introduced at the first trial should be considered upon the second; other evidence also was produced. The facts are fully stated in the former opinion of this court, which will be found in 66 Wash., beginning at page 490. It is unnecessary to restate the facts at this time.

Counsel for appellant now contend that the damages found by the trial court upon the last trial were $2,000 to the houses which were located upon the property, and $1,000 to the lots. It is true the trial court, in rendering his oral decision in the case, stated the damages as contended for by the appellant; but the formal finding was to the effect that the property was damaged in the sum of $3,900. It is argued by the appellant that the five dwellings which were located upon the property were not worth $2,000, according to the preponderance of the evidence, and therefore that the court erred in finding that amount to be the damages for the destruction or partial destruction of the houses. It is also argued by the appellant that there is no evidence to show that the lots themselves were damaged in the sum of $1,000. These two ques-

tions depend entirely upon the facts. A cursory reading of the record convinces us that there is abundant evidence in the record to justify the finding of the court that the property was damaged by the appellant in the sum stated. There was much dispute among the witnesses upon the facts; but there is certainly sufficient to support the finding of the trial court thereon. It is apparently conceded by the appellant that the $900 loss of rents for the houses was proper.

Appellant also argues that the court erred in allowing interest, for the reason that the damages were entirely unliquidated and could not be determined by mere computation. We are satisfied, however, that interest was properly allowable under the rule in *Eilers Music House v. Hopkins*, 73 Wash. 281, 131 Pac. 838; *Gray v. Reeves*, 69 Wash. 374, 125 Pac. 162; *Parks v. Elmore*, 59 Wash. 584, 110 Pac. 381.

The judgment is therefore affirmed.

CHADWICK, PARKER, and GOSE, JJ., concur.