[No. 16090.  Department Two.  January 8, 1921.]

# M. B. KIES, as Receiver etc., Appellant, v. JOHN WILKINSON, Respondent, H. C. PHILLIPS et al., Defendants.[1]

HUSBAND AND WIFE (84)—COMMUNITY PROPERTY—DEBTS INCURRED BY HUSBAND—TORTS—OFFICIAL DELINQUENCIES. The tort of a county clerk in obtaining an unlawful preference by withdrawing from an insolvent bank a deposit of public funds, is not a community debt, and the community cannot be held therefor.

INTEREST (7)—DEMANDS NOT LIQUIDATED. A demand against a county clerk for wrongfully withdrawing a deposit from an insolvent bank, draws interest from the date of withdrawal, where the sum wrongfully obtained was a specific amount which may be lessened by facts then existing and capable of ascertainment.

Cross-appeals from a judgment of the superior court for Clarke county, Hewen, J., entered May 28, 1920, upon findings in favor of plaintiffs, in an action in tort, tried to the court. Affirmed.

*McMaster, Hall & Schaefer*, for appellant.

*Bates & Burnett*, for respondent.

TOLMAN, J.—This case was before the court on a prior appeal, and is reported in 101 Wash. 340, 172 Pac. 351, to which reference is made for a statement of the facts and issues.

The judgment of the trial court, then in favor of the defendant Wilkinson, was reversed, with directions to permit the amendment of the complaint so as to allege the amount of the assets of the defunct bank and the amount of the claims proved and provable against it, so that it might appear that the creditors of the bank had been damaged by what was held to be the wrongful withdrawal of funds from the bank by

[1]Reported in 194 Pac. 582.

Wilkinson, and the amount of such damage, which would be the measure of recovery.

Upon the going down of the remittitur, the pleadings were so amended, and upon a second trial there was evidence received establishing the amount of the claims against the bank and the value of its remaining assets, and also that twenty per cent had been paid in dividends to creditors. The court made findings accordingly, and further found that Wilkinson's deposit in the bank was carried in the name of "John Wilkinson, county clerk of Clarke County, Washington"; that the money could be withdrawn only on checks so signed; that the amount on deposit was made up wholly of funds which came into Wilkinson's possession officially as such county clerk, and that when Wilkinson withdrew the money from the bank on January 7, 1911, he forthwith paid it over to his successor in office as county clerk. The court further found that Wilkinson was at all times a married man. From these findings the court made conclusions of law to the effect that the bank's estate was lessened and damaged on January 7, 1911, by the wrongful payment of $3,502.48 to Wilkinson, but that there should be credited thereon twenty per cent to equalize the dividends theretofore paid, thus reducing the recovery to $2,802, plus interest at six per cent on such sum from January 7, 1911 to the date of the judgment; that Wilkinson's tort in receiving and retaining the money was not committed by or on behalf of the community of which he was a member, and that the community did not benefit therefrom. Judgment was entered accordingly against Wilkinson individually, with the specific provision therein that such judgment should not affect the community composed of Wilkinson and his wife. The plaintiff has appealed from that part of the judgment which purported to make liable Wilkinson as an indi-

vidual only, and specifically exempted the community from all liability; and the defendant Wilkinson has appealed from that part of the judgment which granted recovery against him, and here contends that it was error to allow interest from January 7, 1911, or at all prior to judgment.

The plaintiff's appeal presents the sole question of whether the judgment should be a separate or community one. The trial court acted upon the theory that the tort was committed by the defendant as a public officer and therefore, under the rule established in *Brotton v. Langert,* 1 Wash. 73, 23 Pac. 803, and followed in *Day v. Henry,* 81 Wash. 61, 142 Pac. 439, and *Bice v. Brown,* 98 Wash. 416, 167 Pac. 1097, the community could not be held liable.

The liability held to be a separate and not a community indebtedness in *Brotton v. Langert, supra,* arose while the husband was holding the office of constable, and as such sold under execution personal property in which a stranger to the writ had a special property. So, also, in *Day v. Henry, supra,* the liability discussed was that incurred by a sheriff through the making of a wrongful levy. The court there said:

"If the community as such does a wrong, it must respond, just as under the same circumstances a corporation, a partnership, or any other legal entity composed of more than one person, must respond. If, on the other hand, an individual member of any of these legal entities commits a wrong, there is no liability attached to the entity simply because of his relation to it."

And the court then proceeds to demonstrate that the sheriff as such was neither a community nor a member of a community, and applies the doctrine of the *Brotton* case. In *Bice v. Brown, supra,* the liability grew out of a trespass upon real property committed by the su-

pervisors of a drainage district in their official ca-
pacity, and the same rule was applied with but little
discussion.

The doctrine of *Brotton v. Langert, supra,* has been
the law of this state for more than thirty years, and so
far as we know has worked no flagrant injustice, nor
has the legislature seen fit to change it. We are there-
fore not inclined at this time to overrule it.

It is argued, however, with some show of reason,
that the rule does not apply here. The statute giving
the husband the management of the community real
estate, Rem. Code, § 5918, which has stood unamended
since the beginning, has the following proviso:

"Provided, however, that all such community real
estate shall be subject to the liens of mechanics and
others for labor and materials furnished in erecting
structures and improvements thereon as provided by
law in other cases, to liens of judgments recovered for
community debts, and to sale on execution issued
thereon."

It clearly appears, and has been often held by this
court, that it was the intention of the legislature that
any community debt, even though contracted by the act
of the husband alone, may be satisfied out of the com-
munity real estate. The wrongful levies made, and
the trespass committed by public officers in the course
of their official duties in the cases above referred to,
had no contractual elements whatever, but were torts
pure and simple from which the community, of which
the wrongdoer was a member, could, under no circum-
stances, reap any benefit; while here we have a tort, it
is true, but a tort sounding in contract, and a case
where the party injured might waive the tort and sue
on a contract to repay, which the law implies, even
though no promise to pay was in fact given; and if the
law implies a contract to repay, an indebtedness arises

which will be a community indebtedness if the community profited from the transaction.

But it appears that the money obtained by the defendant belonged to the county and was by him immediately paid over to his successor in office, and therefore the community did not profit by the transaction. It is urged that, if the defendant had not obtained this money, he would still have been under legal duty of paying over the exact same sum to his successor and might have used community funds for that purpose; that, if he had not paid it at all, the county might have brought a civil action to recover the money. But while money received by one member of a community will create, presumptively, a community obligation, still it may always be shown that the community did not receive any benefit therefrom, and in a suit by a county against a public officer to recover funds received by him as such, it could be shown, by way of defense, as in this instance, that the funds were lost through the failure of the bank in which they were deposited and therefore, the community received no benefit therefrom, so that, were we willing to apply the principle contended for, still, under the facts found here, there was no community liability.

Upon the question of interest, raised by the defendant's cross-appeal, it may be admitted that, as a general rule, unliquidated damages do not bear interest, especially in cases where the amount cannot be calculated or ascertained before judgment; but we here have a demand for a known specific amount, i. e., the sum wrongfully obtained, which may be lessened by the facts then existing and capable of ascertainment as to the financial condition of the bank, and we think the facts in this case bring it within the rule laid down in *Gray v. Reeves,* 69 Wash. 374, 125 Pac. 162; *Eilers*

*Music House v. Hopkins,* 73 Wash. 281, 131 Pac. 838, and *Sweeney v. Lewis Const. Co.,* 74 Wash. 303, 133 Pac. 441.

The judgment of the trial court is affirmed.

HOLCOMB, C. J., MOUNT, MITCHELL, and MAIN, JJ., concur.