HELEN B. SULZBERGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KATE F. BECKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JAMES H. BECKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 63636, 63637, 72976. Promulgated February 12, 1936.

*Harry Thom, Esq., Freeman Day, Esq.,* and *Herbert A. Friedlich, Esq.,* for the petitioners.
*Harold D. Thomas, Esq.,* for the respondent.

1094

## OPINION.

TRAMMELL: The first question presented here is whether Federal estate taxes, assessed against the estate of the decedent and paid by the beneficiaries after administration of the estate had been closed and the executors discharged, are deductible from gross income of the beneficiaries.

The applicable statute is the Revenue Act of 1928. In determining the net income of a beneficiary for years prior to 1928, that is, under the Revenue Act of 1926 and prior acts, the amount of estate taxes paid and claimed as a deduction, by a beneficiary, is allowable as a deduction to the beneficiary. See the retroactive provisions of section 703 of the 1928 Act. However, a different rule was adopted for computing net income for 1928 and succeeding years, as follows:

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\*  \*  \*  \*  \*  \*  \*

(c) *Taxes generally.*—Taxes paid or accrued within the taxable year, except—

\*      \*      \*      \*      \*      \*      \*

For the purpose of this subsection, estate, inheritance, legacy, and succession taxes accrue on the due date thereof, except as otherwise provided by the law of the jurisdiction imposing such taxes, and shall be allowed as a deduction only to the estate.

Petitioners contend that since their income for the taxable year was derived largely, if not entirely, from the property distributed to them from the estate of their decedent, the word "estate" as used in the above quoted statute may be fairly construed to mean their respective estates in the property after distribution, and that therefore the taxes in controversy are allowable as deductions to them under this statute.

We are unable to agree with this contention for several reasons. In the first place, the phrase "shall be allowed as a deduction only to the estate", is plainly intended to apply as a restriction. If Congress had intended thereby to permit the deduction to be taken in 1928 and subsequent years either by the estate of the decedent or by the beneficiaries, according to whether the tax was paid and the deduction claimed by the one or the other, as specifically authorized for the years prior to 1928, the quoted phrase would have effected no restriction in the allowance of the deduction and would have made no change in the existing law. Indeed, under the construction urged by the petitioners, it would be difficult to perceive why this particular language was used; no effect or meaning could be given to it, since the deduction would be allowable either to the estate of the decedent or to the beneficiary if the provision quoted had not been included in the act.

We think it is plain, therefore, that the legislative intent was to change the existing law and to restrict the allowance to the estate of a deduction which theretofore had been allowable either to the estate of the decedent or to the beneficiaries, under certain circumstances. This conclusion is supported by the report on the Revenue Bill of 1928 by the Senate Committee on Finance, 70th Congress, First Session, which reads as follows:

SEC. 23 (C). DEDUCTION FOR TAXES.

Section 23 (c) of the House Bill provides that estate, inheritance, legacy and succession taxes shall be allowed as deductions only to the decedent's estate and not to the beneficiary. This is a change in existing law and is a substantial simplification. Furthermore, there is no sound policy which requires the deduction to be allowed to the beneficiary. The distributions of corpus which he receives are not treated as income and the tax which he is required to pay in effect is merely a decrease in the corpus transmitted to him.

In *Elmon C. Gillette*, 29 B. T. A. 561, we held that a California inheritance tax paid in January 1928 by a beneficiary of the estate was not deductible by him in computing his taxable net income for 1928. There the taxpayer made substantially the same contention that is urged here. In affirming our decision (C. C. A., 2d Cir., 76 Fed. (2d) 6) the court said:

\* \* \* Such deductions are ordinarily matters of grace and a statute which only allows them to estates could not seem to involve an arbitrary classification. Essentially they are carved out of the estates of decedents prior to devolution of the property and beneficiaries get nothing but what is left. *Keith* v. *Johnson* 271 U. S. 1, supra. There can be no objection to depriving a legatee of a deduction of inheritance taxes from his income for naturally they are not payable by him but from his legacy which properly he only receives less the taxes. If he gets the gross amount and has to pay the tax personally, it is not the fault of the taxing system \* \* \*.

Respondent's action on the first issue is approved.

The second issue is whether interest on Federal estate taxes, assessed against the estate and paid by the beneficiaries after administration had been closed and the executors discharged, is deductible by the beneficiaries. Section 23 (b) of the Revenue Act of 1928 provides that in computing net income there shall be allowed as a deduction "all interest paid or accrued within the taxable year on indebtedness", with exceptions not material here.

Petitioners contend that they are entitled to deduct from their gross income, under the above quoted statute, the amount of the interest computed on the Federal estate taxes paid by them. The reasons hereinabove stated which preclude the allowance to the petitioners of a deduction for the taxes paid by them also impel us to the conclusion that they may not deduct the interest.

Obviously, the deduction claimed by the petitioners, in order to be allowable under the statute, must represent interest paid by them as such on their own indebtedness, that is, on indebtedness for which they were liable. The statutory deduction does not embrace amounts paid to or for another to discharge the other's interest obligation. *Automatic Sprinkler Co. of America*, 27 B. T. A. 160, and authorities cited. The indebtedness involved here was a liability of the estate of the decedent, and not of the beneficiaries. It was the duty of the executors to pay the interest, as well as the taxes, and the petitioners, as beneficiaries, were entitled to receive only what thereafter remained of the property of the estate. If they received the gross amount, without the payment of the taxes and interest due, they were liable therefor as transferees to the extent of the property so received. The amount would be collectible only out of the property, and thus the final position of the beneficiaries would be the

same as if the taxes and interest had been paid by the executors prior to distribution. The voluntary payment of the taxes and interest by petitioners amounted only to the discharge of an obligation of the decedent's estate. Such expenditures are not deductible. *William Ainslie Colston*, 21 B. T. A. 396 (and authorities cited); affd., 59 Fed. (2d) 867; certiorari denied, 287 U. S. 640.

Respondent did not err in denying the deductions claimed.

In the stipulation filed by the parties, it is agreed that certain adjustments shall be made to the taxable income of the petitioners. Such adjustments will be given effect under Rule 50.

*Judgment will be entered under Rule 50.*