**BELL et al. v. COMMISSIONER OF IN-
TERNAL REVENUE.**

No. 5935.

Circuit Court of Appeals, Third Circuit.

Feb. 13, 1936.

H. Kennedy McCook, of Washington, D. C., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to the Atty. Gen., for respondent.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is a petition for review of a decision of the Board of Tax Appeals. The petitioners are executors and trustees of the estate of B. B. Megargee, deceased, who prior to his death was a resident of Scranton, Pa., and the petitioner, Sylvester Guy Megargee, is also one of the residuary legatees named in the will. The petitioners filed a first and partial account which was called for audit in the orphans' court of Lackawanna county, Pa. The auditing judge found that there was a balance of $342,160.76 for distribution, and directed as follows:

"Distribution is therefore awarded as follows, viz:

"Fund for distribution in cash and in kind as shown in the first finding of fact herein, $342,160.76. * * *

"To Grant L. Bell and S. Guy Megargee, executors, for further administration and accounting under the provisions of and for the purposes set forth in the last will and testament of the testator.

"It is ordered and decreed that Grant L. Bell and S. Guy Megargee, Executors as aforesaid, do make the distribution herein awarded to the persons respectively entitled thereto.

"And now, July 20th, 1931, this adjudication is confirmed nisi.

"M. F. Sando,
"Auditing Judge.

"Now August 1st, 1931, confirmed absolute

"By the Court."

We assume, as there is nothing in the record to indicate the contrary, that this order was carried out. Some time after the order, the Commissioner of Internal Revenue assessed a deficiency in the estate tax as a result of the disallowance of a state inheritance tax credit which had been claimed by the petitioners as executors under the will in their estate tax return. The Commissioner claimed the amount of the assessed deficiency in the tax from the petitioners as transferees of the estate, asserting the right to pursue this course under the terms of section 316(a) of the Revenue Act of 1926 (26 U.S.C.A. § 500), which provides:

"The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this subchapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds): * * *

"The liability, at law or in equity, of a transferee of property of a decedent, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed by this subchapter.

"The liability of a fiduciary under section 192 of Title 31 in respect of the payment of any such tax from the estate of the decedent.

"Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax."

The tax in controversy was a part of the liability to taxation of the estate of the decedent which the Commissioner could not collect from the estate because of the complete transfer, in accordance with the terms of the will, of all of the assets of the estate to the petitioners as trustees. The petitioners contend that the above-quoted statute is inapplicable because they are not transferees. It may be conceded that the petitioners are not transferees in the narrow definition of that term, inasmuch as that definition requires two persons, one to deliver, the other to receive. In the law, however, any person may act in more than one capacity. This is what occurred in the instant case, for under the will provision is made that the assets of the estate first pass to the petitioners as executors and that subsequently the assets pass to the petitioners as trustees. When the orphans' court in its adjudication of the petitioners' account as executors awarded the balance of the funds to them for the purposes of the trust set out in the will, a transfer occurred in just as true a sense of that word as though the funds had been physically delivered from one person to another. The petitioners' powers and duties as executors differed from those devolving upon them as trustees. Even though they held the assets for the benefit of the same persons, a transfer of those assets was essential before the petitioners could begin to serve in their capacity as trustees. We are of the opinion that that transfer was effected by the order of the orphans' court, and that upon confirmation of that order the petitioners became transferees. Nothing was left in the estate or in the possession of the petitioners as executors. The Commissioner, in order to collect taxes due by the estate, was of necessity compelled to pursue those persons in whose possession the assets of the estate were to be found; namely, the petitioners herein.

■ The petitioners also contend that there is, in fact, no unpaid tax liability as to the estate of the decedent, since they, as executors, paid the deficiency tax as well as the amount of tax shown due on the estate's return. The amount of the tax tentatively determined at the time of the filing of the income tax return for the estate by the executors was $6,340.01. Since the petitioners paid $5,168.38, there was a deficiency of $1,171.63, which they likewise paid. Those items are not now in dispute. The amount which the Commissioner is attempting to collect in this proceeding is $4,134.70, which represents the sum taken as credit by the executors in their return for the estate by reason of taxes paid to the state of Pennsylvania, which credit the Commissioner disallowed because the necessary evidence was not submitted by the executors. Inasmuch as there is no dispute as to the merits of the Commissioner's action in disallowing the credit, we are of the opinion that the assessment was properly made.

We find no error in the decision of the Board of Tax Appeals, and it is accordingly affirmed.