**NUNAN, Commissioner of Internal Revenue, v. GREEN.**

No. 12893.

Circuit Court of Appeals, Eighth Circuit.

Jan. 8, 1945.

---

Bernard Chertcoff, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key and J. Louis Monarch, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

A. Z. Patterson, of Kansas City, Mo., for respondent.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The Commissioner seeks review of a decision of the Tax Court allowing the respondent a deduction from gross income in computation of his income tax for the year 1939, reported 3 T.C. 74.[1]

It appears that the respondent here received his shares of the estates of his deceased father and of his deceased wife in distribution long before final assessment of the estate taxes, and in 1939 he paid, as transferee, his share of the deficiencies in estate taxes as finally established against the estates, together with the accrued interest. He has made no claim of right to deduction in his 1939 income tax of the amounts he paid on the principal of the estate taxes but claims deductions under section 23(b), Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code § 23(b), in the amounts of the accrued interest. His claim is that the interest he paid was "interest paid * * * within the taxable year on indebtedness," for which deduction is allowed by section 23(b). The Commissioner contends that the indebtedness meant in

that section is indebtedness of the taxpayer claiming the deduction, and that the estate taxes and interest accrued thereon constituted indebtedness of the estates to the government and were not indebtedness of this taxpayer to which the deduction statute is applicable.

■ The Tax Court divided on the question. · The majority held the taxpayer entitled to deduction for that portion of the interest paid which accrued after the taxpayer received his shares of the estates in distribution. It announced that it would not longer follow the Board of Tax Appeal's decision to the contrary in Sulzberger v. Commissioner of Internal Revenue, 33 B.T.A. 1093. The minority was of the opinion that all the interest accrued on the estate taxes was interest on indebtedness of the estates to the government and was not interest on indebtedness of the taxpayer deductible on payment by him under section 23(b). There was no disagreement on the court's declaration relative to section 23(b), that "The law is well established that in order for interest to be deductible from gross income it must be paid upon a debt owed by the taxpayer." Simon v. Commissioner of Internal Revenue, 36 B.T.A. 184; Colston v. Burnet, 61 App.D.C. 192, 59 F.2d 867, certiorari denied 287 U.S. 640, 53 S.Ct. 89, 77 L.Ed. 554; Longyear v. Helvering, 64 App.D.C. 238, 77 F.2d 116.

The substantial controversy arises under 26 U.S.C.A. Int.Rev.Code, § 900:

"Sec. 900. Transferred assets.

"(a) Method of collection. The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this subchapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds):

"(1) Transferees. The liability, at law or in equity, of a transferee of property of a decedent, in respect of the tax (including interest, additional amounts, and additions

---

[1] The Tax Court's opinion covers the case of respondent and the case of his brother Lawrence R. Green, consolidated for opinion. The Commissioner's peti-tion for review against the brother is brought in the Ninth Circuit Court of Appeals.

to the tax provided by law) imposed by this subchapter.

\* \* \* \* \*

"(e) Definition of 'transferee.' As used in this section the term 'transferee' includes heir, legatee, devisee, and distributee."

It is contended for the taxpayer that by virtue of these provisions the transferee of an estate becomes a substituted taxpayer or a substituted debtor, and that the unpaid estate tax and interest become the indebtedness of the transferee.

■ The purpose of the quoted transferee provisions found in the section relating to "Method of Collection" was merely to add to the Commissioner's old means of collecting taxes by creditor's bill or proceedings of that nature against the tax debtor's transferees, another collection procedure expected to be helpful to the same end. Phillips v. Commissioner, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Phillips-Jones Corporation v. Parmley, 302 U.S. 233, 237, 58 S.Ct. 197, 82 L.Ed. 221; Baumgartner v. Commissioner, 21 B.T.A. 623, affirmed, 9 Cir., 51 F.2d 472, certiorari denied 284 U.S. 674, 52 S.Ct. 129, 76 L.Ed. 570. See Paul's "Federal Estate and Gift Taxation," § 1346. The tax against the estate vested in the government a right to have the estate property applied to the satisfaction of the tax and interest. Updike v. United States, 8 Cir., 32 F.2d 1; Id., 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984; Bell v. Commissioner, 3 Cir., 82 F.2d 499; Neustadter v. United States, 9 Cir., 90 F.2d 34; Baumgartner v. Commissioner, supra; Phillips v. Commissioner, supra. The transferee provisions add to the means of enforcing that right and there is no suggestion in the language that Congress intended to abate anything of the government's right merely because the heirs become possessed of the estate (that is, become transferees) before the estate tax is paid; neither is there any suggestion in the language of an intention to add to the government's right. The procedure contemplates no release of the estate from its direct obligation to pay the tax against it. It merely adds to the government's means of following the property subject to the estate tax lien.

If the statute substituted the transferee as its debtor for the estate tax it would involve both an increase and a diminution of the government's right to its estate tax. An increase to the extent of the transferee's personal responsibility and diminution to the extent of deductions related to income from the property.

We think that no such alteration of the government's right by the mere taking over of the estates of deceased persons can be spelled out of the statute. It is true that one who displaces the owner of property by taking it over is brought into new relations towards those who have claims against the owner and charges against the property and in a sense any duty or obligation of one to another may be spoken of as a debt or indebtedness. But the debt here involved is the debt of the estates to the government for the estate taxes and interest and that indebtedness was not the indebtedness of the taxpayer. He chose to discharge the estate taxes and interest rather than to relinquish the estate property, but he did not thereby pay any indebtedness of his own for which he could have deduction in respect to his income tax. Sulzberger v. Commissioner, 33 B.T.A. 1093; Jones v. Hassett, D.C., 45 F.Supp. 195; Cf. Koch v. United States, 10 Cir., 138 F.2d 850.

■ It is argued that if the taxpayer can not have the deduction of section 23(b), his income tax should none the less be reduced on another theory. He returned all the income from his property in his 1939 return, but he contends that if it be construed that he was only a trustee of the property he got from the estates and held that for the government until its tax was satisfied, then his return ought not to have included the income from it up to the amount of the interest on the estate tax. Though the argument is ingenious, the Tax Court appears not to have noticed in its opinion. We think the answer to it is inherent in our conclusion upon the taxpayer's claim to deduction. The transferee statute did not effect any metamorphosis of the government's right either to its estate taxes or to its income taxes from taxpayers. The taxable entities are distinct and so are the kinds of tax. Upon the payment of the estate taxes and interest they were discharged as to all the world. But as the taxpayer in 1939 received gains and profit from his property he must account for them in his return. His deductions are such as are specified in the statute.

The decision reviewed is reversed with directions to disallow the claimed deductions.