**COMMISSIONER OF INTERNAL REVENUE v. GREEN.**

**No. 10810.**

Circuit Court of Appeals, Ninth Circuit.

March 9, 1945.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, Bernard Chertcoff, and John Costelloe, Sp. Assts. to Atty. Gen., for petitioner.

Gray, Cary, Ames & Driscoll and John M. Cranston, all of San Diego, Cal., for respondent.

Before MATHEWS, STEPHENS, and, BONE, Circuit Judges.

BONE, Circuit Judge.

This case involves the taxpayer's income tax liability for the calendar year of 1939. Before the Tax Court, the case of Ralph J. Green, a brother of the taxpayer, was consolidated with the case of Lawrence R. Green, respondent herein. Both cases involve substantially the same state of facts. The holding and decision of the Tax Court, (reported in 3 T.C. 74) was adverse to the Commissioner who sought review of the Ralph J. Green case in the Eighth Circuit Court of Appeals. Appeal in the Ralph J. Green case resulted in a reversal of the decision of the Tax Court on January 8, 1945—Nunan v. Green, 8 Cir., 146 F.2d 352.

In the hearing before the Tax Court the parties stipulated as to the facts which may be embodied and summarized as follows:—

The taxpayer and his brother, Ralph J. Green, were the residuary beneficiaries, in equal shares, of the estate of their deceased father. Taxpayer was the executor of the estate, which was probated in Johnson County, Kansas. Final report of the executor was filed on September 4, 1931. All specific bequests had been paid. And the final distribution was accomplished on October 13, 1931, the executor was discharged and given a full and complete release. No assets were retained in the estate. After final settlement of the estate the Commissioner asserted a deficiency in estate tax liability, and the controversy, which extended over a period of several years, was finally settled by the taxpayer and his brother paying, in 1939, a deficiency in the amount of $17,244.81, together with interest (computed to July 8, 1939) as provided by law in the amount of $8,286.01, of which total each brother paid one-half. The amount received by the taxpayer from the estate of his father was greatly in excess of the amount of designated interest paid by him and there is no claim or any suggestion of claim that the amount received by him did not also exceed the total of the tax and interest which he paid. In his income tax return for 1939 the taxpayer deducted $4,143.01 as *interest* paid on the estate tax deficiency of his father's estate. The Commissioner disallowed the deduction.

The Tax Court held that the taxpayer was not entitled to deduct that portion of the interest referable to the period prior to the date of distribution of the estate, but that he was entitled to deduct that portion of the interest referable to the period subsequent to the distribution. Four judges dissented, taking the view that the taxpayer was not entitled to any part of the claimed deduction. The majority of the Tax Court

refused longer to be bound by, or to follow *Sulzberger v. Commissioner*, 33 B.T.A. 1093, which held generally that Federal estate taxes and interest thereon assessed against the estate of the deceased and paid by the beneficiaries after administration of the estate had been closed and the executors discharged, are not allowable as deductions from the income of the beneficiaries. There was no disagreement on the Tax Court's declaration relative to Sec. 23 (b), 26 U.S.C.A. Int.Rev.Code, § 23 (b), that "The law is well established that in order for interest to be deductible from gross income it must be paid upon a debt owed by the payor."

The opinion of the Tax Court indicates that two questions were presented to and considered by that court in the consolidated cases of Lawrence R. Green and Ralph J. Green: The first was whether that part of the amount paid by petitioners (Ralph J. Green and Lawrence R. Green), as transferees of their father's estate—which represented interest on the estate tax deficiencies—was to petitioners' interest, deductible under Section 23 (b) I.R.C. for the purpose of computing their net income. The second question presented in the hearing before the Tax Court was whether petitioners were entitled to deduct from the gross income certain other fees which are not involved in nor material to this hearing.

In this review the Commissioner assigns as error, the action of the Tax Court in holding and deciding:

(1) That interest which accrued upon the estate tax deficiency after distribution of the assets of the estate accrued upon the indebtedness of the taxpayer;

(2) In failing to hold and decide that the amount designated as interest which accrued upon the estate tax liability after distribution of estate assets did not accrue on a personal liability or obligation of the taxpayer;

(3) In holding and deciding that taxpayer is entitled, under the provisions of Sec. 23 (b) of the Internal Revenue Code, to deduct from his gross income the amount of interest paid by him on the estate tax deficiency which accrued thereon after the distribution of the assets of the estate;

(4). In failing to hold and decide that the taxpayer is not entitled to deduct from his gross income the amount designated interest which accrued after the distribution of the assets of the estate and was paid in 1939 by him.

Other assignments of error are not material to a disposition of the case since the decision must go against the respondent.

■ The taxpayer contends that: (a) As a transferee of the estate of his deceased father, he is entitled to a deduction under Sec. 23 (b), (I.R.C.) for the interest so paid; (b) or, in the alternative, if he was paying an indebtedness of the estate and not paying interest on his own debt, his gross income for 1939, from estate assets previously distributed, should be reduced by the interest so paid. Taxpayer makes no claim of right to deduction of the amount paid on the principal of estate taxes, but claims deductions under Sec. 23 (b), (I.R.C.) in the amount of the accrued *interest*. He asserts that the interest he thus paid was "interest paid or accrued within the taxable year on indebtedness" for which deduction is allowed by Sec. 23 (b).

Taxpayer further contends that by virtue of 26 U.S.C.A. Int.Rev.Code, § 900, as transferee of an estate he became a substituted taxpayer or a substituted debtor, and that unpaid estate tax and interest become the indebtedness of the transferee. We do not agree with this view of the law. See *Nunan v. Green*, 8 Cir., 146 F.2d 352. As pointed out in the Green decision in the Eighth Circuit, supra, the purpose of the quoted transferee provision found in the section relating to "Method of Collection" was merely to add to the Commissioner's old means of collecting taxes by creditor's bill or proceedings of that nature against the tax debtor's transferees, another collection procedure designed and expected to be helpful to the same end. *Phillips v. Commissioner of Internal Revenue*, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; *Phillips-Jones Corporation v. Parmley*, 302 U.S. 233, 58 S. Ct. 197, 82 L.Ed. 221. See also *Koch v. United States*, 10 Cir., 138 F.2d 850, 852. The transferee provisions add to the means of enforcing that right. There is no suggestion in the language that Congress intended to abate anything of the Government's rights merely because the heirs become possessed of the estate, as transferees, before the estate tax is paid; nor is there any suggestion in the language of an intention to add to the Government's right. The procedure contemplates no release of the estate from its direct obligation to pay the tax against it. It merely adds to the Government's means of following the property

subject to the estate tax lien. The transferee statute did not effect any metamorphosis of the Government's right to either its estate taxes or to its income taxes from taxpayers. The taxable entities are distinct and so are the kinds of tax. Upon the payment of the estate taxes and interest they were discharged as to all the world. But as the taxpayer in 1939 received gains and profit from his property he must account for them in his return. His deductions are such as are specified in the Statute. Nunan v. Green, supra. See also Commissioner of Internal Revenue v. Henderson's Estate, 5 Cir., 147 F.2d 619.

We are not impressed by the suggestion, apparently made for the first time in petitioner's brief, that his status, as former executor of his father's estate, changes materially the nature of *his liability,* under the facts of this case. See Sections 3466 and 3467 Revised Statutes, 31 U.S. C.A. §§ 191 and 192. The *father's estate* was solvent. Nothing is shown to indicate that debts of the estate were paid at such times and in such manner as to prejudice or jeopardize the estate tax claims of the Government. The Commissioner asserted a tax deficiency against petitioner, as a transferee of his father's estate, and not otherwise. The case was tried in the Tax Court on that theory. See 3 T.C. 74.

The decision under review is reversed with directions to disallow the claimed deductions.