Mrs. Sybil Mae FLOERSCH, formerly Mrs. Sybil M. Benton, individually, and A. J. Floersch and Bank of New Mexico, as Executors under the Last Will of William E. Benton, deceased, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. No. 3949.

United States District Court
D. New Mexico.
March 23, 1959.

Modrall, Seymour, Sperling, Roehl & Harris, by Dean Kimball, Albuquerque, N. M., for plaintiffs.

James A. Borland, U. S. Atty., Albuquerque, N. M., Harold Larson, Dept. of Justice, Washington, D. C., for defendant.

ROGERS, District Judge.

This is an action to recover income taxes and interest paid under the provisions of the Internal Revenue Code of 1939, jurisdiction existing against the United States of America by Section 1346(a) (1), Title 28 U.S.C.A., inasmuch as plaintiffs paid the income tax and interest which they allege were illegally assessed and illegally collected by the District Director of Internal Revenue at Albuquerque, New Mexico. An Answer was filed by the United States of America after which the plaintiffs moved this Court for Summary Judgment on the ground that the tax and interest in issue were paid after the Statute of Limitations had run against the assessment and collection thereof.

The question posed in the case at bar is whether the Statute of Limitations had run at the time the tax and interest were paid, and this requires determination as to whether Mrs. Floersch was a taxpayer, jointly and severally liable with her then living husband, at the time of filing the income tax return, or whether at the time of payment of the tax and interest here in question, she was a transferee.

Inasmuch as no cases have heretofore decided this question, the case is one of first impression, requiring an analysis of the facts as reflected by the pleadings, the applicable provisions of the Internal Revenue Code, 1939, and of case law in areas somewhat akin to that in question in this case.

Mrs. Sybil Mae Floersch, one of the plaintiffs, was formerly Mrs. Sybil M. Benton, and wife of William E. Benton, now deceased, at the time both of them filed their joint Federal Income Tax return on March 15, 1951, for the year 1950, with the Director of Internal Revenue, at Albuquerque, New Mexico. The husband, William E. Benton died on May 12, 1953, and thereafter the other plaintiffs in this action were appointed as Executors on the William E. Benton Will. On March 14, 1957, more than five years subsequent to the filing of the 1950 taxable year's return, the Commissioner issued a Notice of Deficiency to the now Mrs. Floersch. It charged a deficiency in income tax due from William E. Benton in respect to the 1950 income tax return in the amount of $51,622.28, and

classified the widow, main plaintiff, as a transferee of decedent. On June 11, 1957, Mrs. Floersch paid the amount of the alleged deficiency, and on July 8, 1957, the interest thereon, maintaining at the times of payment that she denied the deficiency and stated that she was not a transferee, but was a taxpayer with a joint and several liability for the payment thereof, and that the deficiency was barred by the running of the statute of limitations.

It is provided in Section 51(b) (1) of the Internal Revenue Code of 1939, Title 26 U.S.C.A., (same section) as follows:

"(b) Husband and wife.

"(1) In general. A husband and wife may make a single return jointly. Such a return may be made even though one of the spouses has neither gross income nor deductions. If a joint return is made the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."

It is to be noted that the provision in that Section, making the liability for the tax covered by the return joint and several, strongly supports the plaintiffs' contention that Mrs. Floersch is primarily liable for the tax in question, rather than liable therefor as a transferee.

Section 275(c) of the Internal Revenue Code of 1939, Title 26 U.S.C.A. (same section) provides in effect, that in the case of omission of gross income by a taxpayer in excess of 25% of the amount of gross income stated in the return, the tax may be assessed or court proceedings to collect the tax may be prosecuted at any time within 5 years after the return was filed. In this case, the tax return was filed March 15, 1951, and the assessment was not made until March 14, 1957. Section 311(b) (1) Internal Revenue Code 1939, Title 26 U.S.C.A. (same section) relative to the period of limitation in claims against transferees provides in effect for an extension of one year after the period of limitation for assessment against the taxpayer. We thus see that if Mrs. Floersch was a primarily liable taxpayer, the suit was filed nearly a year after the period of limitation had run; while if she is a transferee, the Collector came in under the wire with a day to spare.

We find that Sec. 311(f), Title 26 U.S.C.A. (Internal Revenue Code, 1939), defines the term "Transferee" as including heir, legatee, devisee, and distributee. This provision at first blush, might require placing the individual plaintiff in the category of a transferee and hence in a position where the limitation period had not run at time of assessment. However, this provision must be read in connection with Sec. 51(b) (1) supra, and it is the Court's considered opinion that the latter statute is controlling.

The Court concludes that a taxpayer who is jointly and severally liable for the payment of taxes due for the period for which the return is filed, is a primarily liable taxpayer, even though before the expiration of the 5 year period of limitation that taxpayer may be clothed with the additional status of an heir, legatee, devisee or distributee.

The defendant vigorously and ably urges that the distribution of the assets of the Estate of William E. Benton caused the estate to become insolvent and unable to pay the income tax liability of William E. Benton, and that accordingly the taxes were properly and timely assessed against the plaintiff as a transferee. Defendant cites the cases of Commissioner of Internal Revenue v. Green, 9 Cir., 148 F.2d 157, Hulburd v. Commissioner, 296 U.S. 300, 56 S.Ct. 197, 80 L.Ed. 242, and Nunan v. Green, 8 Cir., 146 F.2d 352, and further contends that because, by New Mexico law, the husband is manager of the community estate, the husband was the primary taxpayer and that when his widow received the estate, she became a transferee. This latter contention overlooks the vast ambit of the law on Community Property in the State of New Mexico.

For a short case setting forth the gist of Community Property in this State, see United States Fidelity & Guaranty Co. of Baltimore, Md. v. Chavez, D.C.,

126 F.Supp. 227. Defendant could have taken steps against the husband, wife or estate any time up to March 15, 1956.

The cases of Oswego Falls Corporation, 26 B.T.A. 60, and Commissioner of Internal Revenue v. Stern, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed.2d 1126, seem more applicable to the case at bar than defendant's authorities, and when considered along with the Court's view of the statutory law, hereinbefore expressed, require a granting of the Summary Judgment requested.

Accordingly, an Order granting a Summary Judgment to plaintiffs will be entertained within ten days from the date hereof.