620 P.2d 1282

**Theresa DELPH, Plaintiff–Appellant,**

v.

**POTOMAC INSURANCE COMPANY, Defendant–Appellee.**

No. 12629.

Supreme Court of New Mexico.

Dec. 30, 1980.

Duhigg & Cronin, Paul S. Cronin, Albuquerque, for plaintiff–appellant.

Shaffer, Butt, Thornton & Baehr, William C. Madison, Albuquerque, for defendant–appellee.

## OPINION

FELTER, Justice.

Plaintiff, Theresa Delph, and her husband, Charles Delph, owned a residence as community property. Defendant, Potomac Insurance Company, had issued them 'a fire and extended coverage insurance policy covering the residence. Plaintiff and her husband were married at the time the policy was issued and both were named on the policy.

Theresa Delph separated from her husband, moved out of the residence, and sued for a dissolution of her marriage. Mrs. Delph obtained a default judgment granting the divorce and awarding her the residence of the parties.

Prior to entry of the divorce decree, Charles Delph intentionally set fire to their residence. It is conceded that Mr. Delph was solely responsible for the fire and that Theresa Delph did not participate in any manner in the intentional burning of the residence.

After the property had been conveyed to Theresa Delph pursuant to the divorce decree, she made demand upon Potomac Insurance Company to recover proceeds under the fire insurance policy for damages caused by the fire. Defendant refused to pay plaintiff under the policy, contending that her husband's arson constituted "fraud" by the "insured" and that the policy coverage was vitiated by the fraud. However, defendant did pay off a lien of $10,000 to an innocent third party lien holder.

Plaintiff brought suit; defendant then moved for summary judgment. The district court granted the motion in favor of defendant and plaintiff appeals. We reverse.

The issue presented on appeal is whether the intentional burning of a community residence by one spouse will bar recovery by

an innocent spouse under a fire insurance policy issued to the community.

While this case presents a question of first impression in New Mexico, several common law states have addressed similar cases in which the property was held by the spouses in tenancy by the entireties, as joint tenants or as tenants in common. Generally, those courts have held that an innocent spouse may not recover when the interests of the co–insureds are joint but may recover when the interests of the co–insureds are divisible or separable. *Cooperative Fire Ins. Assoc. v. Domina*, 137 Vt. 3, 399 A.2d 502 (1979); *Simon v. Security Insurance Company*, 390 Mich. 72, 210 N.W.2d 322 (1973); *Mele v. All–Star Ins. Corp.*, 453 F.Supp. 1338 (D.C.; E.D.Pa.1978). However, a new line of cases has developed whereby an innocent spouse is allowed recovery of one–half the benefits under the couple's insurance policy even when the couple's interest in the property is joint. *Economy Fire and Cas. Co. v. Warren*, 71 Ill.App.3d 625, 28 Ill.Dec. 194, 390 N.E.2d 361 (1979); *Auto–Owners Ins. Co. v. Eddinger*, 366 So.2d 123 (Fla.Dist.Ct.App. 1979); *Steigler v. Insurance Co. of North America*, 384 A.2d 398 (Del.1978); *Howell v. Ohio Casualty Insurance Company*, 124 N.J. Super. 414, 307 A.2d 142 (1973). In these cases the courts focused upon the fact that the responsibility or liability for the fraud (arson in each case) is several and separate rather than joint, and that the spouse's fraud could not be attributed or imputed to the innocent spouse.

Following either line of cases, it is clear that plaintiff, Theresa Delph, is entitled to recover up to one–half of the policy limits on the insurance coverage here involved.

■ It is clear that the residence as well as the insurance policy involved herein are community property. As such, each spouse has a present, vested and equal interest in each of the community assets. *Reed v. Nevins*, 77 N.M. 587, 425 P.2d 813 (1967); *Dillard v. New Mexico State Tax Commission*, 53 N.M. 12, 201 P.2d 345 (1948); *Herrera v. Health and Social Services*, 92 N.M. 331, 587 P.2d 1342 (Ct.App.1978), cert. de-

nied sub nom., *Human Services Department v. Herrera*, 92 N.M. 353, 588 P.2d 554 (1978).

New Mexico courts have segregated out the interests of spouses in community property when it has been necessary to do so in order to avoid injustice. *Dillard v. New Mexico State Tax Commission, supra; McDonald v. Senn*, 53 N.M. 198, 204 P.2d 990 (1949); *United States Fidelity & Guaranty Co. v. Chavez*, 126 F.Supp. 227 (D.N.M. 1954). In *McDonald*, the Court held that a wife's vested interest in community real property could be segregated and subjected to a statutory judgment lien for a personal tort committed by her during coverture. In *Dillard*, the Court segregated the wife's interest in community real property and held that her interest did not come within New Mexico's veterans' exemption. In the *United States Fidelity* case, the Federal District Court in New Mexico found that the *McDonald* case was controlling and held that a husband's interest in community property could be segregated and subjected to attachment for a separate legal liability of the husband.

Furthermore, in 1973 the New Mexico Legislature enacted Section 40–3–10, N.M. S.A.1978 which sets forth priorities for satisfaction of separate debts. The section provides that a spouse's separate property shall first be used to satisfy his or her separate debt, but then goes on to state:

> Should such property be insufficient, then the debt shall be satisfied from the debtor spouse's one–half interest in the community property * * *

Although the residence and the insurance policy were community assets, each spouse had a present vested and equal interest which is capable of being segregated. Thus, both logic and justice mandate that the plaintiff should be entitled to recover up to one–half of the policy limits in order to compensate for the damages resulting from the fire.

We would reach this same result irrespective of whether the interests of the wife and husband in the residence or in the contract rights under the policy are joint or several.

The statutory and case law in New Mexico states clearly that a spouse who commits a separate tort is individually liable for damages arising out of the tort and that the separate (or segregable) assets of the innocent spouse may not be reached to satisfy the liability arising out of the tort. Section 40-3-10, N.M.S.A.1978; *McDonald v. Senn, supra; United States Fidelity & Guaranty Co. v. Chavez, supra.*

We are thus faced with the issue of whether the tort committed by Charles Delph is a "community" or a "separate" tort. Under the rule followed in most community property states,[1] the test to be applied in such cases is an after–the–fact determination of whether the act in which the spouse was engaged at the time of the tort was one which was of actual or potential benefit to the community. If it was of benefit, the tort is a "community" tort, and thus a community debt. If the activity in which the tortfeasor spouse was engaged was of no benefit to the community, the tort is a "separate" tort and thus a separate debt. *Dell v. Heard*, 532 F.2d 1330 (10th Cir. 1976). Applying this test to the facts of this case, there is no evidence to suggest that Charles Delph was engaged in an act which could be of benefit to the community. Thus, responsibility for the fraud is several and separate rather than that of the community. Thus, Mr. Delph's fraud cannot be attributed or imputed to plaintiff who is not implicated therein. His actions could only void his interest in the insurance policy. To allow the husband's fraud to void the entire policy would unjustly impute responsibility for his act to the wife. Accordingly, the fraud of the co–insured husband does not void the policy as to plaintiff.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, J., concur.

---

1. W. DeFUNIA & M. VAUGHN, PRINCIPLES OF COMMUNITY PROPERTY, § 182 (Revised 2d ed. 1971); Bingaman, *The Community Property Act of 1973: A Commentary and Quasi–Legislative History*, 5 N.M.L.Rev. 1 (1974).